PER CURIAM.
The former wife appeals from a final judgment of dissolution and from a denial *389 of a motion for suit money.[1] The parties were married for a relatively short period of time (three years and nine months) and permanently separated in June, 1988.' There were no children born of the marriage. Both parties are college graduates. Prior to the marriage the wife was employed in retail sales. During the majority of the marriage she was a homemaker, although there was some evidence that the wife was employed for a time as a department manager for Jordan Marsh earning at the rate of nineteen thousand dollars ($19,-000) per year.
During the marriage the husband was employed as a defensive nose tackle playing professional football first for the Houston Oilers and subsequently for the Miami Dolphins. The parties’ income during the years 1984 through 1987 was relatively modest, reaching a high of $76,885 in 1987. The husband’s first substantial National Football League (N.F.L.) contract for a base salary of two hundred twenty-five thousand dollars ($225,000) was signed on July 16, 1988, after the parties’ permanent separation.. We note that the trial court found, and the record supports, that the husband’s position as a defensive nose tackle subjects his body to the risk of permanent injury and may have an adverse affect on his future financial security. He has a limited number of financially productive years remaining in the N.F.L. (His career has already extended beyond the average career of a defensive lineman in the N.F.L.).
The trial court awarded the former wife $35,000 rehabilitative lump sum alimony by way of equitable division and distribution of marital property. The court also ordered the former husband to pay an outstanding $12,800 loan balance on the former wife’s van. The former wife argues on appeal that the trial court abused its discretion by refusing to award her periodic rehabilitative alimony and by failing to distribute to her an equitable share of the marital assets. We believe that the record supports the trial court’s ruling regarding the distribution of the marital property and the ruling denying rehabilitative alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980.)
As to the denial of the wife’s motion for suit money, we reverse. The wife’s answer reflects that she requested the trial court to:
C. Determine the property rights and liabilities of the parties;
D. Award wife temporary, rehabilitative, lump-sum, periodic and permanent alimony;
E. Award wife a special equity, lien or trust in the property of the parties;
F. Equitably distribute the real and personal property of the parties;
G. Order husband to pay wife’s attorney’s fees and costs of this action;
H. Award wife such other and further relief as this court deems just and equitable under the circumstances to be presented to the court ...
Additionally the wife’s motion for attorney’s fees and costs indicates that she was prepared to present proof of the amount of suit money she had expended in litigating the matter. At the final hearing there was specific testimony adduced, without objection, regarding the wife’s travel expenses as well as other expenses which would be included in the category of suit money. We think these circumstances placed the husband on notice that suit money was being sought and that he suffered no surprise or prejudice by reason of this claim. Accordingly, we reverse the portion of the judgment which denied the former wife suit money and remand for further consistent proceedings.
AFFIRMED in part; REVERSED in part; and REMANDED.
’ DOWNEY and WALDEN, JJ., and WESSEL, JOHN D., Associate Judge, concur.

. We take the court’s failure to specifically rule on the wife’s motion for suit money to be an implicit denial of that motion.