582 So.2d 784 (1991)
Richard A. MARTIN, Appellant/Cross-Appellee,
v.
Candice B. MARTIN, Appellee/Cross-Appellant.
No. 90-1732.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
*785 Gary A. Poe of Gary A. Poe & Associates, P.A., Inverness, for appellant/cross-appellee.
S. Sue Robbins of Matthies, Cross, deBoisblanc, Haldin & Robbins, P.A., Ocala, for appellee/cross-appellant.
DAUKSCH, Judge.
This is an appeal from a judgment in a marriage dissolution case. Parenthetically, we note that the judge signed two judgments dated the same day, one prepared by appellant's attorney, entitled "Final Order for Dissolution of Marriage," the other prepared by appellee's attorney, entitled "Final Judgment." The judgment prepared by appellee's attorney was filed, thus rendered, on August 9, 1990 while the judgment prepared by appellant's attorney was filed on September 28, 1990. The September 28, 1990 judgment was filed after the filing of the notice of appeal and is thus a nullity.
We affirm the child support and custody portions of the judgment with the caveat that all such matters are always subject to reevaluation upon any material change of circumstances regarding visitation, shared parental responsibility or alternating residency. See e.g., Gerscovich v. Gerscovich, 406 So.2d 1150 (Fla. 5th DCA 1981). Age of the children and proximity of the residences of the parents are critical factors in the decision to award alternating custody. See also Wilking v. Reiford, 582 So.2d 717 (Fla. 5th DCA 1991).
We reverse the alimony award which reads (in both judgments, by the way):
8. The Husband shall pay to the Wife the sum of FOUR HUNDRED FIFTY AND NO/100 DOLLARS ($450.00) per month as alimony, said payments to commence on June 1, 1990, and continue on the first (1st) day of each month thereafter until the minor child of the parties reaches school age and is enrolled in kindergarten, at which time the alimony payments shall terminate.
This award is unsupported by the evidence. It is probably intended to be some kind of rehabilitative alimony because it is in a fixed amount for a set period of time. The record does not reveal any specific need for rehabilitative alimony. As was said in Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980), rehabilitative alimony is for a needy spouse to obtain a skill or license or education to equip her (or him) to be self-supporting. This appellee did not demonstrate either a plan for rehabilitation or a need.
Kuvin v. Kuvin, 442 So.2d 203, 205 (Fla. 1983) quotes Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) and says "The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills."
*786 In Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), rev. dismissed, 453 So.2d 1364 (Fla. 1984), this court used language that appellee has seized upon to urge this court to affirm an unproved need for specific rehabilitation, money to "weather the storm," or as has been suggested other places, money to "bridge the gap." There is no support in law or logic for such an award as rehabilitative alimony. If such were permitted then one can imagine no bounds to the limits  how far does one go before the storm is weathered or the gap is bridged?
Alimony is for one of three purposes: either for permanent support, rehabilitative to reach a specific goal or as a device to reach equitable distribution of marital property. This award was none of these; it is reversed.
AFFIRMED in part; REVERSED in part.
COBB and DIAMANTIS, JJ., concur.