590 So.2d 553 (1991)
Alfred SPENCER, Appellant,
v.
Carlene SPENCER, Appellee.
No. 91-291.
District Court of Appeal of Florida, First District.
December 20, 1991.
David C. Goodman, Jacksonville, for appellant.
*554 William J. Dorsey, Jacksonville, for appellee.
KAHN, Judge.
In this domestic case, we reverse the award of rehabilitative alimony to the former wife.[1] Alfred and Carlene Spencer had lived together as husband and wife for approximately four years when they invoked the jurisdiction of the circuit court to dissolve their marriage. At the time of the marriage, Mrs. Spencer was without a job and relied, at least partially, upon public assistance. By the time of the final hearing, Mrs. Spencer, then 45 years old, worked for the Duval County School Board earning approximately $18,800.00 a year. Mr. Spencer earns approximately $40,000.00 a year with the United States Postal Service. The final judgment requires Mr. Spencer to pay his former wife $400.00 a month for 48 months as "temporary rehabilitative alimony."
The wife has failed to demonstrate that after this four year marriage an award of rehabilitative alimony is appropriate to establish her capacity for self support, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills. Lee v. Lee, 544 So.2d 1083 (Fla. 1st DCA 1989). While a short marriage alone does not preclude an award of rehabilitative alimony, the record in the present case provides no support for the notion that the wife is without the means of self support, as a result of anything that has transpired during the marriage. Also, the record lends no support for the amounts or payment schedule adopted by the trial court. Mrs. Spencer has gone from earning nothing to annual earnings of almost $19,000.00. She has also received an award of the former marital home. Under these circumstances we can find no justification for an award of rehabilitative alimony that would exceed $19,000.00, if paid in full by the former husband.
We reverse the award of rehabilitative alimony and affirm the final judgment in all other respects.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] Appellant's other point on appeal, concerning whether the trial court erred in failing to find that the wife had committed marital infidelity, and further erred in finding that "as to the allegation of the wife threatening the husband with a handgun, this allegation was vehemently denied by the wife," has no merit.