639 So.2d 149 (1994)
Charles G. STRICKLAND, Appellant,
v.
Terry B. STRICKLAND, Appellee.
No. 93-2607.
District Court of Appeal of Florida, Fifth District.
July 1, 1994.
Richard E. Gentry, St. Augustine, for appellant.
Paul L. Martz, of Martz and Cushman, P.A., and H. Davis Upchurch, Jr., St. Augustine, for appellee.
HARRIS, Chief Judge.
Charles G. Strickland timely appeals from a final judgment of dissolution. We reverse.
We agree that the wife is entitled to alimony but the record does not justify the amount awarded in this case. The trial court found that the husband had a net income of $30,000 and the wife had a net income of $20,000. It then awarded her alimony of $750 per month, giving her an annual income of $29,000 and the husband an annual income of $21,000. One seems no more reasonable than the other.
Language in the Final Judgment indicates that the court might have intended to impute income to the husband but failed to do so. On remand, if the court does impute income, it must indicate the amount imputed as well as the source of such income. Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993); Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988).
In the matter of the distribution of marital assets, the court awarded the husband's veterinary practice to him and allocated it a value of "between $30,000 and $50,000" based on the testimony of the wife's expert. If the property is, in fact, worth $50,000, then the disparity in the wife's favor is only about $10,000. If, however, the veterinary practice is only worth $30,000, then the disparity is too great to be sustained even under Canakaris. For that reason, the court should tell us the value it placed on the veterinary practice.
REVERSED and REMANDED for proceedings consistent with this opinion.
*150 PETERSON, J., concurs.
DIAMANTIS, J., concurs specially, without opinion.