640 So.2d 223 (1994)
Larry J. INGLE, Appellant,
v.
Nancy A. INGLE, Appellee.
No. 93-2276.
District Court of Appeal of Florida, Fifth District.
August 5, 1994.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for appellant.
N. Diane Holmes of N. Diane Holmes, P.A., Orlando, for appellee.
*224 W. SHARP, Judge.
The former husband, Larry Ingle, appeals from a final judgment of dissolution. He claims he was shortchanged in the distribution of the parties' marital assets, wrongfully denied rehabilitative alimony, and that the trial judge erred in not recusing himself shortly before the final judgment was entered. We agree this cause should be remanded because the trial judge failed to make the fact-findings required by section 61.075(1).[1] Further, the court also failed to make findings concerning the factors set out in section 61.08(2) in denying an award of rehabilitative alimony to the former husband.
With regard to the motion for disqualification of the trial judge, we do not think the allegations were legally sufficient to mandate the trial judge's recusal. Therefore, the judge properly proceeded to enter the final judgment after the trial had been held and the court had made various oral rulings, prior to filing of the motion to disqualify. A delay in moving to disqualify a trial judge at such a late point in a proceeding places a heavy burden on the party moving to disqualify.
On remand, the trial judge should reference the factors listed in section 61.075, to justify the distribution of marital assets in this case. The parties here concede that the distribution was unequal, and in the former wife's favor. Section 61.075(3) requires fact-findings to justify the distribution whether it is equal or otherwise. The amended equitable distribution statute articulates the premise that marital assets must be evenly split (50/50) unless circumstances or factors make this outcome inequitable,[2] and prior law suggested that 50/50 was a good starting point. Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981). In view of the law's bias toward equal distribution of marital assets to the parties, it is particularly vital to make findings in cases such as this, where the distribution is admittedly not equal.
With regard to the former husband's request for rehabilitative alimony, the trial judge denied it in the final judgment with the explanation that Larry had improperly requested "bridge the gap" rehabilitative alimony. This court has ruled that bridge-the-gap rehabilitative alimony is inappropriate as a matter of law. Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991). However, the pleadings and record in this cause show the former husband was also seeking rehabilitative alimony on traditional grounds: "redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Martin, 582 So.2d at 785, citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Thus, on remand, the trial court may reconsider this issue, and in making a final ruling it should reference the factors listed in section 61.08(2).
Accordingly we reverse those parts of the final decree dealing with equitable distribution of marital assets and rehabilitative alimony, and remand this cause for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] See Plyler v. Plyler, 622 So.2d 573 (Fla. 5th DCA 1993).
[2] § 61.075(1), Fla. Stat. (1993). This revised statute was not in effect when this lawsuit was filed. Section 8 of Laws of Florida 1993, c. 93-188 specifically provides that the Act does not apply to proceedings pending on October 1, 1993 and that those proceedings remained governed by the law in effect on September 30, 1993.