654 So.2d 958 (1995)
Dennis FAST, Appellant/Cross-Appellee,
v.
Susan FAST, Appellee/Cross-Appellant.
No. 93-1583.
District Court of Appeal of Florida, Third District.
April 5, 1995.
Rehearing Denied June 7, 1995.
Elser, Greene, Hodor & Fabar, and Cynthia L. Greene, Miami, for appellant/cross-appellee.
Kutner and West, and Maurice Jay Kutner, and Carolyn W. West, Miami, for appellee/cross-appellant.
Before NESBITT, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
Appellant/cross-appellee, Dennis Fast (husband), appeals the trial court's awards of child support and permanent, periodic alimony in this divorce action. We affirm.
The husband and his former wife, appellee/cross-appellant Susan Fast (wife), were divorced after 19 years of marriage. In a partial settlement, the parties resolved that the husband would be the primary residential custodian and retain the waterfront marital home. As part of the equitable distribution scheme, the wife would forego partition and immediate payment of her $168,000 share of the house, and the husband would buy her out over a period of 15 years. To secure this obligation, the wife received a second mortgage representing her one-half interest in the residence. The husband agreed to pay her $1642 per month, which included principal and interest on the second mortgage.
The husband contends that the interest portion of the mortgage payment should be deemed interest income of the wife. He claims that the calculation of the wife's income would then be increased and she would owe increased child support.
First, the interest portion of monthly mortgage payments provided through an equitable distribution scheme does not qualify as interest income within the meaning of the child support guidelines. The guidelines state that "interest and dividends" shall be included in the calculation of each party's income. § 61.30(2)(a)10, Fla. Stat. (1991). This reference in the guidelines to interest *959 income clearly refers to investment income, not the interest portion of mortgage payments accepted in lieu of immediate payment from an equitable distribution award.
Second, interest income from a lump sum award is not to be factored into a party's child support obligation. Lorman v. Lorman, 633 So.2d 106 (Fla. 2d DCA 1994). Consequently, the interest portion of the award may also not be deemed income under the child support guidelines. Finally, we reject the husband's implicit argument that the wife should pay a higher percentage of child support because she agreed to receive payments over time representing her one-half interest in the former marital home, rather than receive immediate payment of her one-half share of the house.
The husband next contends that the trial court failed to make requisite findings of fact to support the award of permanent periodic alimony to the wife. However, we find that the court made sufficient findings of fact and that they are supported by competent substantial evidence. See Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994).
In short, though the husband's arguments sound much like Ry Cooder's wail, "The very thing that makes you rich, makes me poor," we disagree. We conclude that the trial court properly determined that the wife's income did not include interest on her share of the marital residence. In addition, we conclude that the trial court's order contained sufficient findings to justify permanent periodic alimony.
The wife cross-appeals on attorney's fees and we find no merit in the argument. Accordingly, we affirm both the main appeal and the cross-appeal.
Affirmed.