653 So.2d 1118 (1995)
Romeo G. GUZMAN, Appellant/Cross-Appellee,
v.
Barbara K. GUZMAN, Appellee/Cross-Appellant.
No. 93-2706.
District Court of Appeal of Florida, Fifth District.
April 21, 1995.
*1119 Scott R. McHenry of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for appellant/cross-appellee.
Tanya M. Plaut, of Law Offices of Tanya M. Plaut, P.A., Orlando, for appellee/cross-appellant.
PETERSON, Judge.
Romeo G. Guzman appeals the final judgment of dissolution of his marriage to Barbara K. Guzman, who cross-appeals. Romeo contends that the trial court abused its discretion by awarding an excessive amount of permanent periodic alimony. Barbara challenges the denial of her request for attorneys' fees. Because we conclude the trial court abused its discretion in requiring Romeo to make alimony and other payments that leave him without sufficient funds for living expenses, we reverse the portions of the judgment relating to equitable distribution, alimony, and attorney's fees, and remand for reconsideration.
The final judgment contains specific findings regarding certain monthly revenues and obligations of each of the parties. A tabular synopsis of these findings is presented below:

 Romeo Barbara
Net monthly income from employment $10,966 $1,206
Child support (2,754) 2,754
Permanent alimony (3,500)[1] 3,500
Sixty monthly payments to equalize
 equitable distribution (2,150) 2,150
 ________ ______
Monthly amount available to each
 party after consideration of
 above $ 2,562 $9,610
 ======= ======

The monthly mortgage payment on the marital home, which was distributed to Romeo, was $1,774 per month. In addition, according to the parties' financial affidavits, it appears the premium on a life insurance policy that Romeo is required to maintain pursuant to the final judgment is $751 per month. Thus, aside from the tax benefit Romeo will presumably receive from the alimony payment, Romeo is left with $37 per month for his living expenses beyond his mortgage payment. On the other hand Barbara, aside from any income tax on her alimony, will have nearly $7,500 per month to cover living expenses for herself and the parties' two children. We recognize that the additional payments to Barbara of $2,150 per month to equalize the equitable distribution will not be required after the sixtieth month, but we also note that it is apparent that Romeo will not have funds with which to defray even basic expenses in the interim.
There was some testimony at trial which supports Barbara's contention that Romeo earns additional income as a consultant for several corporations. The trial court may have considered this in determining the amount of alimony and the time within which the equitable distribution payments were to be made, but the court made no finding imputing income to the husband. If income is to be imputed to Romeo, the source and amount must be indicated. Strickland v. Strickland, 639 So.2d 149 (Fla. 5th DCA 1994).
We agree that an award of alimony and a relatively equal distribution of the parties' marital assets is warranted in this case. We also find that the trial judge acted within his discretion in valuing the husband's IRA. We disagree only with the unreasonable amount of monthly income that remains available to Romeo after the payments are made pursuant to the final judgment. If additional income is not imputed to him, it appears that either some adjustment to the equitable distribution will be necessary or alimony must *1120 be reduced, or a different method of equalizing the parties' equitable distributions must be fashioned, or some combination of the three must be considered.
The final judgment dissolving the marriage is affirmed, but we vacate paragraph 3, Division of Marital Estate, paragraph 4, Alimony, and paragraph 7, Attorney's Fees and Suit Money,[2] and we remand for further proceedings consistent herewith.
REVERSED; REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Barbara requested an award of $1,500 permanent alimony per month during closing arguments. Her financial affidavit facially demonstrated a need for almost $4,000.
[2] The denial of attorney's fees and suit money is vacated only to allow the trial court to reconsider Barbara's request after a revised schedule of equitable distribution and a revised amount of alimony is fashioned. The parties may be in comparable financial situations at that time so that denial may again be appropriate.