655 So.2d 233 (1995)
Andra Lynn PARKER, Appellant,
v.
Benjamin M. PARKER, Appellee.
No. 94-2003.
District Court of Appeal of Florida, First District.
June 6, 1995.
Laura E. Keene of Beroset & Keene, Pensacola, for appellant.
Charles P. Hoskin of Wells, Brown & Brady, P.A., Pensacola, for appellee.
PER CURIAM.
Appellant (the former wife) seeks review of a final judgment of dissolution of marriage. In particular, she argues that the trial court erred (1) by awarding her rehabilitative, rather than permanent periodic, alimony; (2) by permitting appellee (the former husband), as security for his future child support obligation, to establish a trust, naming a third-party trustee rather than her, into which the proceeds of policies insuring his life would be deposited upon his death; (3) by failing to specify the amount of insurance on his life that the former husband would be required to maintain as security for his future alimony obligation; (4) by declaring that the former husband would be entitled to claim the parties' child as a dependent for federal income tax purposes; and (5) by failing to award to her all of her attorney fees reasonably incurred.
*234 We conclude that the decision to award rehabilitative, rather than permanent periodic, alimony did not constitute a clear abuse of discretion. Accordingly, we affirm as to that issue, without further discussion.
We are, likewise, unable to conclude that the trial court abused its discretion in permitting the former husband to establish a trust, naming a third-party trustee rather than the former wife, into which life insurance proceeds would be deposited upon his death, and from which payments would be made for the benefit of the parties' child. See § 61.13(1)(c), Fla. Stat. (1993). However, we do agree that the alimony award should, likewise, be secured by life insurance in a specific amount. See § 61.08(3)(c), Fla. Stat. (1993). Accordingly, we vacate both provisions of the final judgment relating to life insurance as security for future payments, so that, on remand, the trial court may consider an appropriate scheme by which both future child support and alimony obligations might be secured.
Considering the financial obligations imposed upon the former husband, we do not believe that it was an abuse of discretion to permit him to claim the parties' child as a dependent for income tax purposes. See § 61.30(11)(i), Fla. Stat. (1993). Accordingly, we affirm that provision.
Finally, considering the financial resources of the parties as affected by the final judgment, we believe that the former husband should have been ordered to pay all of the attorney fees reasonably incurred by the former wife in this action. See § 61.16, Fla. Stat. (1993). Accordingly, we reverse the award of attorney fees, and remand for an award to the former wife of all attorney fees reasonably incurred. However, the $1,500.00 retainer paid to the former wife's attorney from marital funds should be credited against this obligation.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.
WEBSTER, J., concurs in part and dissents in part with written opinion.
WEBSTER, Judge, concurring in part, and dissenting in part.
I concur in all aspects of the majority opinion except that which holds that the trial court did not abuse its discretion when it awarded only rehabilitative, as opposed to permanent periodic, alimony. Based upon my review of the record, I am of the opinion that a proper analysis of the case, applying the factors listed in section 61.08(2), Florida Statutes (1993), mandates an award of permanent periodic alimony. Accordingly, I dissent from that portion of the majority opinion which affirms the award of rehabilitative alimony.