673 So.2d 143 (1996)
Vidal HERRERA, Appellant/Cross-Appellee,
v.
Elbanile HERRERA, Appellee/Cross-Appellant.
No. 95-1098.
District Court of Appeal of Florida, Fifth District.
May 10, 1996.
Francisco Colon, Jr., Maitland, for Appellant/Cross-Appellee.
Norberto S. Katz of Katz & Veliz, P.A., Orlando, for Appellee/Cross-Appellant.
W. SHARP, Judge.
The former husband, Vidal Herrera, and former wife, Elbanile Herrera, appeal and cross appeal from the final judgment of dissolution entered in their case. Several errors appear. The primary one which mandates reversal and remand is the failure of the trial court to make findings to explain and justify its distribution of marital assets.[1]
In this case, the trial judge determined that the marital property consisted of three pieces of real estate: the marital residence and two rental houses. The court awarded two of them to the former wife, which resulted in her receiving properties worth approximately $159,000.00. He awarded to the former husband one property plus cash, totalling approximately $53,000.00. But he made no findings based on the factors listed in section 61.075(1)(a) to justify this unequal distribution.
Complicating this appeal is the circumstance that less than the full transcript was included in the record on appeal. Obviously any findings by the trial judge must be supported by competent and substantial evidence.[2] However, appellate courts no longer *144 delve through a trial record to find support in evidence for the ultimate rulings by the trial court; findings are first required.
Florida is not a community property state. Section 61.075(1) as well as case law,[3] suggest that equal or 50/50 is the proper starting point in making an equitable distribution of marital assets. But, depending on the factors set forth in section 61.075(1), the distribution need not be equal.[4] Section 61.075 states:
(1) In a proceeding for dissolution of marriage, in addition to all other remedies available to a court to do equity between the parties, or in a proceeding for disposition of assets following a dissolution of marriage by a court which lacked jurisicition over the absent spouse or lacked jurisdiction to dispose of the assets, the court shall set apart to each spouse that spouse's nonmarital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors, including:
(a) The contribution to the marriage by each spouse, including contributions to the care and education of the children and services as homemaker.
(b) The economic circumstances of the parties.
(c) The duration of the marriage.
(d) Any interruption of personal careers or educational oopportunities of either party.
(e) The contribution of one spouse to the personal career or educational opportunity of the other spouse.
(f) The desirability of retaining any asset, including an interest in a business, corporation, or professional practice, intact and free from any claim or interference by the other party.
(g) The contribution of each spouse to the acquisition, enhancement, and production of income or the improvement of, or the incurring of liabilities to, both the marital assets and the nonmarital assets of the parties.
(h) The desirability of retaining the marital home as a residence for any dependent child of the marriage, ...
(i) The intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition.
(j) Any other factors necessary to do equity and justice between the parties.
§ 61.075, Fla.Stat. (Supp.1994).
The record in this case suggests there may be a basis for a less than equal distribution: (a) the relative contributions of the parties to the marriage, ...(g) one party's unequal contribution to the acquisition, enhancement (including payment of debt on the marital properties from nonmarital sources), and (j) any other factors (a business loss by the parties of the former wife's $55,000, from her nonmarital assets). However, at this point this court cannot prejudge the validity of any reasons or findings to depart from an equal distribution of marital assets, or whether the record supports any such findings.
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] See Finch v. Finch, 659 So.2d 1351 (Fla. 5th DCA 1995); Kimm v. Kimm, 650 So.2d 1119 (Fla. 5th DCA 1995); Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994); Plyler v. Plyler, 622 So.2d 573 (Fla. 5th DCA 1993); § 61.075(3), Fla.Stat. (Supp.1994).
[2] Schutz v. Schutz, 581 So.2d 1290 (Fla.1991); Smith v. Smith, 655 So.2d 1267 (Fla. 5th DCA 1995); Fast v. Fast, 654 So.2d 958 (Fla. 3d DCA), rev. denied, 663 So.2d 630 (Fla.1995); Cloud v. Cloud, 638 So.2d 1038 (Fla. 1st DCA 1994); Sandstrom v. Sandstrom, 617 So.2d 327 (Fla. 4th DCA), rev. denied, 629 So.2d 135 (Fla.1993).
[3] Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994); Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981).
[4] Lagstrom v. Lagstrom, 662 So.2d 756 (Fla. 4th DCA 1995); Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994); Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994); Romano v. Romano, 632 So.2d 207 (Fla. 4th DCA 1994); McMonagle v. McMonagle, 617 So.2d 373 (Fla. 5th DCA 1993).