675 So.2d 714 (1996)
Jack Kenneth VICK, Jr., Appellant/Cross-Appellee,
v.
Linda VICK, Appellee/Cross-Appellant.
No. 94-1649.
District Court of Appeal of Florida, Fifth District.
June 28, 1996.
*716 Donald N. Crowell, Orlando, for Appellant /Cross-Appellee.
J. Cheney Mason of J. Cheney Mason, P.A., Orlando, and Marcia K. Lippincott of Marcia K. Lippincott, P.A., Maitland, for Appellee/Cross-Appellant.

ON MOTION FOR CLARIFICATION AND/OR REHEARING
THOMPSON, Judge.
We grant Appellant's motion for clarification and revise our opinion as follows:
In this dissolution action, Jack Kenneth Vick ("the former husband") appeals the final judgment dissolving marriage, and Linda Vick ("the former wife") cross-appeals. We affirm in part and reverse in part.

THE FACTS
The former husband and the former wife were married in 1984 when they were both 32 years of age. The former husband is an engineer trained in bank computer systems. The former wife has no college degree, although she worked her way up in the bank consulting business. They had been married 10 years and had a six year old child at the time the final judgment was entered. The child suffered from health problems and was seeing an ear, nose and throat specialist. Earlier in the marriage, the parties were employed as consultants in the banking industry, each earning approximately $100,000 a year. They were living in Atlanta and led a very comfortable lifestyle which included a Porsche and plans to build a 4,500 square-foot dream home. When they decided to have a family, it was decided that the former wife would stay home with the child until the child began kindergarten.
Unfortunately, the former husband was fired in 1988, forcing the family to change its lifestyle. The dream home was lost, including their investment of $30,000. The Porsche was sold and expenses were curtailed. The family elected to move to Lakeland, Florida so the former husband could join Parker Glass Company. The former husband's father owned 50% of the business, which had been purchased in 1986 for $32,000. Starting in 1988, the former husband was shown on corporate tax forms as a 25% owner of the business. In 1991, he was formally given 25% of the stock of Parker Glass.
The former wife returned to work as a bank consultant with her old company because of the decrease in income. However, her income from the company was less than before because she gave up the most lucrative part of her sales territory when she moved to Florida. As their daughter's health problems increased, it was agreed that the former wife would stay home to care for the child, who had undergone several surgeries. At the time of the final judgment, the wife was working as a model and Mary Kay sales consultant. She testified that she was earning approximately $1,000 per month.

EQUITABLE DISTRIBUTION
The trial court ruled that the husband's interest in Parker Glass Company was not a marital asset, finding that the stock was a gift to the former husband only. The trial court should have determined whether the former husband's marital efforts contributed to an enhancement in the value of his *717 interest in Parker Glass. Bowen v. Bowen, 543 So.2d 1284, 1285-86 (Fla. 2d DCA 1989). If there was enhancement in the value of the husband's interest in Parker Glass during the parties' marriage, the increase should be considered marital property. Robbie v. Robbie, 654 So.2d 616, 617 (Fla. 4th DCA 1995). We remand for this consideration.

IMPUTATION OF INCOME
Both parties contest the trial court's imputation of income to each of them without identifying the source. The trial court determined that the former husband's gross annual income was $115,000. Of that amount, $18,162.50 was imputed. The trial court also imputed income to the wife of $21,600 per year. The record does indicate sources from which the court could have imputed income to the former husband. Further, the trial court could have imputed some income to the former wife based on her testimony about her earnings as a Mary Kay cosmetic sales person, but her testimony varies from the court's findings. Unfortunately, the court failed to identify the sources with particularity in the final judgment. Because we cannot determine the sources of the imputed incomes, the trial court will have to resolve the matter. We remand for the trial court to identify the respective sources of both parties' imputed incomes. See Guzman v. Guzman, 653 So.2d 1118 (Fla. 5th DCA 1995); Strickland v. Strickland, 639 So.2d 149 (Fla. 5th DCA 1994).

REHABILITATIVE ALIMONY
The trial court awarded the former wife $2,500 per month for a period of 24 months. The former husband argues that the award was improper because the former wife submitted no rehabilitation plan at trial. He argues that because the former wife did not submit a rehabilitative plan which described career and educational plans to help her regain her position in the workplace, the award for rehabilitation is erroneous. Ingle v. Ingle, 640 So.2d 223, 224 (Fla. 5th DCA 1994); Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980).
The former wife argues that the trial court erred when it determined that she had the ability to "earn comparable income to that which she enjoyed during the marriage" because this finding was not supported by the testimony. The testimony presented was that the pay for the consulting work she had done previously had been sharply reduced because of a downturn in the banking business. Further, she testified that her job would require extensive travel and that if she traveled she would not be able to care for the parties' child, who was expected to undergo future surgery. She requested that the trial court award her periodic alimony of $2,500 for 24 months.
Although we agree with the former wife that there is no evidentiary support for the trial court's determination that she could earn the same income she enjoyed during the marriage, the amount of the award, $2,500 per month for 24 months, was not an abuse of discretion in light of the fact that the former wife requested this amount.
We do not agree with the former husband that the court erred in making the award in the absence of a rehabilitative plan. At the trial, the former husband argued against an award of rehabilitative alimony but argued the former wife was entitled to "transitional alimony," the amount and the duration of which should be determined by the court. The award by the trial court complies with the representation at trial.
We affirm the trial court's award based upon the former husband's stipulation that the trial court could determine the amount and duration of rehabilitative, or "transitional" alimony. Rojas v. Rojas, 656 So.2d 563 (Fla. 3d DCA 1995); Bullard v. Bullard, 413 So.2d 1238 (Fla. 3d DCA 1982). The record supports a finding that the former wife needed rehabilitative alimony paid periodically even though it was mislabeled "transitional alimony" by the former husband during trial. By placing only the issue of amount and duration before the trial court, the parties have stipulated to the findings of fact required by section 61.08, Florida Statutes (1993).

*718 ATTORNEY'S FEES
The former husband next argues that the trial court erred in awarding the former wife attorney's fees, costs, and expert witness fees without conducting an evidentiary hearing. Prior to the trial, the parties stipulated that the former wife's attorney fees and costs would be determined at a subsequent hearing. The hearing was never held; instead, the trial court determined the former wife's fees and costs based upon an affidavit filed by her counsel during closing argument. This was error.
The stipulation by the parties removed the issue of attorney's fees from contention at the time of trial. See Smith v. Smith, 655 So.2d 1267, 1269 (Fla. 5th DCA 1995). Since the determination of fees and costs related to a matter which the parties properly could stipulate, the trial court was bound by the pretrial stipulation.[1]Steiner v. Steiner, 638 So.2d 174, 175 (Fla. 1st DCA 1994); accord Armstrong v. Armstrong, 623 So.2d 1216, 1217 (Fla. 4th DCA 1993). Even if the subsequent hearing was a matter upon which the parties could not stipulate, the trial court should not have determined this issue based on the affidavit of the former wife's attorney filed after the trial's conclusion, without providing the husband with notice and an opportunity to be heard on this issue. See Broyles v. Broyles, 573 So.2d 357, 361 (Fla. 5th DCA 1990), review dismissed, 584 So.2d 997 (Fla. 1991).
In addition, it appears the trial court may have reduced the award of attorney's fees on the basis that expenditures related to proving the value of Parker Glass were unreasonable. The court should reexamine this issue on remand.
We reverse the award of fees to allow the trial court an opportunity to conduct an evidentiary hearing. The parties will also be able to present evidence and testimony concerning the use of expert witness testimony regarding the value of the stock of Parker Glass Company.

PERCENTAGE OF INCOME
The next issue raised by the former husband is that the trial court abused its discretion in that the total amount of money ordered to be paid to the former wife as rehabilitative alimony, attorney's fees, and child support exceeded 65% of his net monthly income. An appellate court cannot determine whether the imposition of monthly support obligations constitutes an abuse of discretion merely by referring to the percentage of the obligor's net monthly income. Pastore v. Pastore, 497 So.2d 635, 638 (Fla. 1986). Rather, the appellate court must review the trial court's overall scheme in dividing the assets of the parties and fixing support. Id. If the individual payments are reasonable, the court can review the cumulative effect of the payments to determine if the award was an abuse of discretion. Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990).
The cumulative payment on its face cannot be said to be an abuse of discretion. The effect upon the husband does not leave his income nearly exhausted nor does it deprive him of an incentive to work. Id. at 822. Compare Sokol v. Sokol, 441 So.2d 682 (Fla. 2d DCA 1983) (holding that requiring husband to pay 58% of his net income was an abuse of discretion); see also Nicholson v. Nicholson, 372 So.2d 178 (Fla. 2d DCA 1979) (holding that requiring husband to pay 86% his net income was an abuse of discretion). Upon remand, with the additional findings the trial court is required to make, adjustments may be necessary. However, we find no error solely based upon the percentage of income the husband is required to pay especially since the former husband's income is five times the former wife's income.
We note also that all the former husband's monthly payments will cease after two years, except the monthly child support payments. Further, the former husband does not argue that the amount of child support is excessive. As previously discussed, the former husband stipulated to rehabilitative, or "transitional," *719 alimony, and the amount is not excessive. Thus, by stipulation or acquiescence, the former husband has agreed that part of the payment is appropriate. Further, we have reversed the award of attorney's fees and costs. On remand this reversal may reduce the total amount the husband is obligated to pay.

TAX CONSEQUENCES
The former wife argues on appeal that the trial court erred when it awarded the former husband the dependency exemption for the minor child without adjusting the former husband's child support obligation. The trial court had the discretion to transfer the dependency exemption to the noncustodial parent. Parker v. Parker, 655 So.2d 233, 234 (Fla. 1st DCA 1995). However, the benefit to the noncustodial parent is designed to make more money available for child support through tax savings. Ford v. Ford, 592 So.2d 698 (Fla. 3d DCA 1991) (en banc). In this case, the trial court did not take the transfer into consideration when calculating the parties' incomes. We reverse for the trial court to reconsider the amount of child support if the former husband is awarded the dependency exemption.
We find no error in the trial court's awarding the former husband the tax deductions arising out of the parties' ownership of real property. The former husband was obligated to pay the taxes on the marital home, on the rental property and on income from the parties' rental property for several tax years. Since the former husband received the income from the property and is obligated to pay the taxes, it is reasonable that he receive the deduction. Miller v. Miller, 625 So.2d 1320, 1321 (Fla. 5th DCA 1993).
Accordingly, we reverse the final judgment except the portions dealing with the dissolution of the marriage and child custody, and remand for a hearing on attorney's fees, and reconsideration of the equitable distribution, imputation of income, child support, and any other financial matter that may require reconsideration in light of any new findings.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] Wife urges that husband acquiesced in the determination of fees without further hearing and points to the husband's written closing where the fees issue is argued at length. It is unclear from the record, however, exactly what occurred on this issue and why. Therefore, we conclude it is best to err on the side of conducting a separate hearing as was expressly agreed.