PETERSON, Judge.
William R. Kunzweiler appeals an award of rehabilitative alimony to his former wife, Katherine N. Kunzweiler. She cross-appeals for permanent periodic alimony, payment of marital debts, increased award of attorney’s fees and retroactive temporary support.
The duration of this marriage was only eight months and was preceded by a prenuptial agreement that did not resolve the' issue of alimony. The former husband has been employed with the same company for 33 years and has a net monthly income of $1,708. On his financial affidavit, he claimed assets of $47,050, debts of $9,612 and monthly expenses of $2,757.
The former wife is well-educated (a few credits short of a master’s degree), owns the same condominium apartment she had prior to the marriage, has a liquid retirement pension fund in the amount of $62,000 and receives social security disability of $526 per month. Prior to the marriage she worked in the space industry. She became unemployed from a layoff when she was on a medical leave due to her mental disability. This occurred about a year before the marriage.
The former wife does not request rehabilitative alimony for any rehabilitative purpose. She repeatedly testified that she is a manic depressive and cannot work because of total disability due to her mental conditions. She requested funds for support so that she would not have to diminish her investment assets. Notwithstanding, the trial court found:
That there is need for rehabilitative alimony to permit respondent to recover from the emotional injury suffered by her due to the divorce and that a reasonable period of spousal support would be 18 months from the 1st of the month following the final judgment. The respondent’s need is greater than Mr. Kunzweiler’s ability to pay, but Mr. Kunzweiler can pay rehabilitative alimony of five hundred seventy four ($574.00) dollars per month for 18 months.
The award of rehabilitative alimony in the instant case is not supported by the evidence. *1252 The former wife failed to present to the trial court any plan to accomplish a goal of self-support. Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991). Moreover, there is no evidence in the record to support a conclusion that the former wife’s mental condition resulted from anything that transpired during the eight month marriage; to the contrary, the evidence indicates the former wife’s disability due to her manic depression existed well before the parties’ short term marriage. See Spencer v. Spencer, 590 So.2d 553, 554 (Fla. 1st DCA 1991) (award for rehabilitative alimony inappropriate in marriage of four years where spouse seeking support did not lose his or her ability to be self-supporting as a result of anything that transpired during the marriage).
We affirm the judgment of dissolution of marriage with two exceptions: (1) we vacate the award of rehabilitative alimony and (2) we remand to the trial court for an award to the former wife of $1,000 representing one-half of a marital debt. The debt was incurred by the former wife for medical treatments prior to the judgment dissolving the marriage. Mahoney v. Gay, 516 So.2d 86 (Fla. 3d DCA 1987).
AFFIRMED IN PART; REVERSED IN PART.
GOSHORN, J., concurs.
W. SHARP, J., concurs in part; dissents in part, with opinion.