WHATLEY, Judge,
dissenting.
I concur with the majority that the trial court’s temporary order directing the husband to pay the mortgage payment, repairs, and related household expenses should be affirmed. I further concur that if temporary alimony were appropriate, the amount of $750 per month is excessive.
I dissent because from my review of this record, which is admittedly sparse, a temporary alimony award was not appropriate in any amount. A temporary award should not be made when no avenue exists for a corresponding permanent award. Here we have a 1$ year marriage with no exceptional circumstances such that a permanent alimony award could be considered. See § 61.08(2), Fla. Stat. (1997). This case is years short of even that category of alimony cases which fall within what has been termed a “gray area.” See Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994). In Zeigler, a 13$ year marriage was referred to as being relatively short-term.
Kremer v. Kremer, 595 So.2d 214, 215-216 (Fla. 2d DCA 1992), addressed permanent alimony and short-term marriages and, quoting Spencer v. Spencer, 590 So.2d 553 (Fla. 1st DCA 1991), stated: ‘While a short marriage alone does not preclude an award of ... alimony, the record in the present case provides no support for the notion that the wife is without the means of self support, as *324 a result of anything that has transpired during the marriage.”
Concurring in part, dissenting in part.