713 So.2d 1054 (1998)
Richard L. WIDMER, Appellant,
v.
Renae Denise WIDMER, Appellee.
No. 97-3432.
District Court of Appeal of Florida, Fifth District.
June 26, 1998.
*1055 Henry J. Martocci, Rockledge, for Appellant.
No Appearance for Appellee.
HARRIS, Judge.
The former husband appeals the modified final judgment of dissolution of marriage claiming that the court erred in the distribution of marital assets, in failing to give him credit for tax and mortgage payments he made for joint property after separation, in ordering "bridge the gap" type alimony, and in ordering him to pay a portion of the wife's attorney's fees. We affirm in part and reverse in part.
The court failed to explain the basis for awarding the wife a disproportionate share of the marital assets. This was error. See Herrera v. Herrera, 673 So.2d 143 (Fla. 5th DCA 1996).
Further, the court did not explain why it failed in considering equitable distribution, to compensate the husband for the payments he made for taxes and mortgage payments attributable to the wife's half ownership in joint property after the parties separated. This was error. See Pearce v. Pearce, 626 So.2d 294 (Fla. 5th DCA 1993).
The requirement that the former husband continue to provide health insurance for the former wife for a period of two years after determining that the wife in this relatively short term marriage was not entitled to alimony was also error. Apparently this award was in the nature of rehabilitative or bridge the gap alimony, but the record shows no support for this award. See Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991); Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994).
We believe the record supports the award of partial attorney's fees.
AFFIRMED in part; REVERSED in part and REMANDED.
GOSHORN and PETERSON, JJ., concur.