*250
 
 ORFINGER, J.
 

 David A. Engesser, the former husband, appeals a final judgment of dissolution of marriage. He contends that the trial court erred by awarding permanent and bridge-the-gap alimony to his former wife, Tanya Engesser. We consider this ease en banc in order to recede from our prior decisions rejecting the use of bridge-the-gap alimony.
 

 Our review of this case is limited because the record contains no transcript of the trial. As a result, we can only address errors that appear on the face of the final judgment.
 
 See Mayfield v. Mayfield,
 
 929 So.2d 671, 672 (Fla. 5th DCA 2006). A trial court’s ruling is presumed correct, and when no transcript is provided, a judgment that is not fundamentally erroneous will be affirmed.
 
 See Applegate v. Barnett Bank,
 
 377 So.2d 1150 (Fla.1979).
 

 The parties were married for just over seven years and had no children. Both worked full time during most of the marriage. The trial court found that the former wife had been in an automobile accident early in the marriage, but had worked full time until a few months before the parties separated, when she lost her job because her employer went out of business. At the time of trial, the former wife was unemployed. The former husband was employed with a net income of $2,382 per month. The trial court awarded bridge-the-gap alimony of $500 per month for a year and permanent alimony of $1 per year.
 

 A trial court has considerable discretion in determining an award of alimony.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197 (Fla.1980).
 
 [1]
 
 The parties’ seven-year marriage is classified as a gray-area marriage, with no presumption in favor of or against an award of permanent alimony.
 
 [2]
 

 See Pollock v. Pollock,
 
 722 So.2d 283 (Fla. 5th DCA 1998);
 
 Nelson v. Nelson,
 
 721 So.2d 388, 388 (Fla. 4th DCA 1998);
 
 Reynolds v. Reynolds,
 
 668 So.2d 245, 248 (Fla. 1st DCA 1996). When a marriage falls within the “gray area,” a determination of entitlement to permanent alimony is based on a review of the factors set forth in section 61.08(2), Florida Statutes.
 
 See Zeigler v. Zeigler,
 
 635 So.2d 50, 54 (Fla. 1st DCA 1994) (citing
 
 Gregoire v. Gregoire,
 
 615 So.2d 694 (Fla. 2d DCA 1992);
 
 Ghen v. Ghen,
 
 575 So.2d 1342 (Fla. 4th DCA 1991)). Here, the final judgment sets forth findings concerning the factors listed in section 61.08(2)(a)-(g). Because we have no trial transcript, we are unable to review the evidentiary support for these findings. As a result, since the final judgment is presumed correct and the perma
 
 *251
 
 nent alimony award is not facially erroneous, we affirm that award without further discussion.
 

 The court also awarded bridge-the-gap alimony. While section 61.08, Florida Statutes (2009), does not specifically provide for this form of alimony, every district court of appeal in Florida, except for this Court, has expressly recognized it.
 
 See Price v. Price,
 
 951 So.2d 55, 59-60 (Fla. 5th DCA 2007) (listing case examples). Notwithstanding the prevailing view, in
 
 Martin v. Martin,
 
 582 So.2d 784, 786 (Fla. 5th DCA 1991), this Court rejected bridge-the-gap alimony, concluding that “[tjhere is no support in law or logic for such an award.... ” Some years later, a panel of this Court signaled the Court’s willingness to reconsider
 
 Martin
 
 in an appropriate case.
 
 See Alpha v. Alpha,
 
 885 So.2d 1023, 1031-32 (Fla. 5th DCA 2004). And more recently, in
 
 Price,
 
 this Court again expressed its willingness to recede from
 
 Martin
 
 and join the other districts in recognizing bridge-the-gap alimony.
 
 Price,
 
 951 So.2d at 60 nn. 2-3.
 

 In
 
 Price,
 
 Judge Lawson, writing for the Court, concisely set forth the legal theories that support bridge-the-gap alimony:
 

 As for the legal authority to make a “bridge-the-gap” temporary alimony award, we see at least three compelling arguments for reading section 61.08 as providing trial judges with discretion to make such an award in appropriate cases. The first is the broader view of “rehabilitative alimony” adopted by the First, Third and Fourth district courts. These courts do not view rehabilitation narrowly to include only those circumstances in which one spouse needs education or training to secure appropriate employment, and has presented evidence of a plan to acquire the needed skills or degree. The second argument is set forth by Judge Altenbernd in his well-reasoned opinion in
 
 Borchard [v. Borchard,
 
 730 So.2d 748 (Fla. 2d DCA 1999) ]. In summary,
 
 Borchard
 
 explains why it is clear that lump-sum alimony can be ordered in “installments, to help one spouse adjust financially to life after marriage.” 730 So.2d at 749. The third argument, though not as precise, is just as compelling. In section 61.08, Florida Statutes, the Legislature has expressly directed trial courts to consider all factors necessary to do “equity and justice between the parties.” It would be contrary to this language to hold that in a short-term marriage where one spouse has the ability to pay and the other has a compelling need for short-term support to transition into single life, section 61.08 must be construed narrowly as depriving the trial court of authority to make the needed short-term award.
 

 951 So.2d at 60. While each of these views has its merits, we need not determine which view should prevail. We need only conclude that “section 61.08 is properly read as granting trial courts the discretion to award a short-term alimony award ... when such an award is necessary to do equity and justice between the parties.”
 
 Id.
 

 Bridge-the-gap alimony is intended to smooth the transition of a spouse from married to single life.
 
 See Bryan v. Bryan,
 
 765 So.2d 829, 831 (Fla. 1st DCA 2000);
 
 Vanbrussel v. Vanbrussel,
 
 710 So.2d 170, 171 (Fla. 1st DCA 1998);
 
 Green v. Green,
 
 672 So.2d 49, 51 (Fla. 4th DCA 1996);
 
 see also Landow v. Landow,
 
 824 So.2d 278, 279 n. 1 (Fla. 4th DCA 2002) (commenting that bridge-the-gap alimony may be appropriate .to “cushion the blow” as recipient spouse adjusts to single life). Courts have awarded bridge-the-gap alimony to ease from the standard of living the parties had together to the standard that a spouse can provide for himself or
 
 *252
 
 herself.
 
 See Robbie v. Robbie,
 
 726 So.2d 817, 820 n. 2 (Fla. 4th DCA 1999).
 

 In the ease before us, the former wife has adequate employment skills and an exemplary employment record. There is nothing to indicate that at the conclusion of the twelve-month period of bridge-the-gap alimony, the former wife will not be able to sustain the standard of living that the parties established during the marriage. See,
 
 e.g., Borchard v. Borchard,
 
 730 So.2d 748, 753 (Fla. 2d DCA 1999) (confirming that bridge-the-gap alimony is given to “assist a spouse with any legitimate, identifiable, short-term need” where spouse is unable, through his or her own best efforts, to provide for essentials of transition from married life to single life).
 

 Because there is no error apparent on the face of the final judgment that demonstrates that the trial court abused its discretion in awarding a nominal amount of permanent periodic alimony to the former wife as well as bridge-the-gap alimony, we affirm the judgment. We also recede from our prior opinions that fail to recognize bridge-the-gap alimony as a tool available to the trial courts.
 
 See Price,
 
 951 So.2d at 60 n. 2.
 

 AFFIRMED.
 

 MONACO, C.J., GRIFFIN, SAWAYA, PALMER, TORPY, LAWSON, EVANDER, COHEN and JACOBUS, JJ„ concur.
 

 [1]
 

 . “Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”
 
 Canakaris,
 
 382 So.2d at 1203.
 

 [2]
 

 . The courts have considered the following marriages in the "gray” area.
 
 See Layeni v. Layeni,
 
 843 So.2d 295, 303 (Fla. 5th DCA 2003) (stating that seven plus years falls into the "gray” area where there is no presumption for or against alimony awards);
 
 Lapham v. Lapham,
 
 778 So.2d 487 (Fla. 5th DCA 2001) (holding that seven-year marriage falls into gray area);
 
 see also Segall v. Segall,
 
 708 So.2d 983 (Fla. 4th DCA 1998) (finding eight-year marriage falls into gray area);
 
 Bailey v. Bailey,
 
 617 So.2d 815 (Fla. 2d DCA 1993) (stating that eight-year marriage falls into gray area).
 
 But see Kellerman v. Kellerman,
 
 659 So.2d 1390 (Fla. 3d DCA 1995) (finding that less than seven-year marriage is short-term marriage).