DANAHY, Judge.
The petitioner, the Travelers Protective Association of America (TPA) requests this court to issue a writ of certiorari to quash an order compelling discovery. We grant the relief requested.
The respondents are Florida members of TPA who are members of Florida Post A, which covers the Bradenton-Sarasota area. Out-of-state members of TPA who move to Florida are not required to change their affiliation from the post in which they hold membership in their state of origin. Thus, apparently, there are a number of Florida residents who are members of TPA but who are not members of a Florida post.
The respondents filed a complaint against TPA containing four counts. It is apparent from a reading of the complaint that the ultimate aim of the respondents is to obtain the affiliation in Florida of those Florida resident members of TPA who have remained members of posts in their states of origin. TPA has filed motions to dismiss which have not yet been ruled upon. It strongly argues that the respondents’ complaint is subject to dismissal for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a cause of action in any of its counts.
With the case in this posture, the respondents filed and served a single substantive interrogatory upon TPA reading as follows: State the names and addresses of each and every member of all non-Florida divisions and posts of TPA who have permanently changed their residence and are currently permanently residing in the State of Florida.
TPA objected to this interrogatory on grounds that it was the equivalent of the ultimate relief sought in the complaint and the court had not yet determined that any cause of action existed. The trial judge overruled TPA’s objection and issued an order compelling TPA to respond to the interrogatory. We agree with TPA that this discovery order can be reviewed by this court by common law certiorari because it meets the test that (1) the lower court’s ruling constitutes a departure from the essential requirements of law; (2) the rule will cause material injury to TPA throughout the remainder of the proceeding; and (3) the injury is one for which there will be no adequate remedy by appeal after final judgment. Manatee County v. Estech General Chemicals Corp., 402 So.2d 75 (Fla. 2d DCA 1981).
We also agree with TPA’s proposition that discovery which amounts to obtaining the ultimate relief sought in the action is not permitted until a right to that relief has been determined. This principle has been applied in analogous cases involving suits for an accounting. Florida courts have uniformly held that a party is not entitled to obtain an accounting by means of discovery until he first establishes his right to an accounting. E.g., Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956); Stanton Investment Co. v. Simon, 255 So.2d 557 (Fla. 2d DCA 1971).
For the foregoing reasons, we grant TPA’s petition for certiorari and quash the order of the trial court dated April 4, 1983, compelling TPA to answer the interrogatory propounded by the respondents.
HOBSON, A.C.J., and CAMPBELL, J., concur.