PER CURIAM.
This is an appeal from that portion of a final judgment of dissolution requiring sale of the marital home and division of the proceeds. We determine that the trial court lacked subject matter jurisdiction to order the sale and reverse.
Sale of property held by tenants by the entireties being pursuant to partition, this relief was not sought by either party’s pleadings in this case. As established by Defreitas v. Defreitas, 398 So.2d 991, 992 (Fla. 4th DCA 1981), a “trial court lacks jurisdiction to hear and determine matters which are not the subject of appropriate pleadings and notice.” In addition to requiring appropriate pleadings, Florida courts have also mandated compliance with the due process steps found in Chapter 64 of the Florida Statutes. E.g., Bonifay v. Bonifay, 383 So.2d 755 (Fla. 4th DCA 1980); Sanders v. Sanders, 351 So.2d 1126 (Fla. 2d DCA 1977). The instant trial court lacked both imperatives, and thus exceeded its jurisdiction.
LETTS, GLICKSTEIN and WALDEN, JJ., concur.