ALTENBERND, Judge.
Lee County Electric Cooperative, Inc. (the cooperative), appeals an order granting a “preliminary mandatory injunction” in favor of several plaintiffs who are members of this rural electric cooperative. The order requires the cooperative to produce various records for inspection and copying by the members pursuant to section 425.-045, Florida Statutes (1991).[1] Although the members are statutorily entitled to inspect certain records of the cooperative, the trial court entered this order prematurely. Accordingly, we reverse the order and remand for further proceedings.
On February 24, 1992, the plaintiffs filed a petition for writ of mandamus seeking records from the cooperative. The requested records were described in an appendix to the petition. The appendix was somewhat general and involved documents that could be confidential or impact upon the privacy of third parties. For example, the requested documents included “records of income and expenses over the last three years,” and “pay records of any employee who earns in excess of $70,000.” The petition was dismissed on March 2, 1992, without prejudice to the plaintiffs to file an amended pleading seeking injunctive relief, because section 425.045 specifies enforcement by injunction rather than mandamus.[2]
*913 On March 2, the plaintiffs filed an amended petition for injunctive relief, seeking the same list of records. The petition was not verified and did not include a request for a preliminary injunction. Without filing any motion, the plaintiffs scheduled a hearing for March 6 concerning the “amended petition for injunctive relief.” The cooperative immediately filed a motion to strike or dismiss the amended petition, and a cross-notice of hearing.
At the March 6 hearing, the trial court granted a “preliminary” injunction in favor of the plaintiffs without receiving any evidence. The trial court’s order effectively bypassed the procedures for a permanent injunction and preliminarily granted the same relief which would have been given in a final order of permanent injunction.[3] The relief granted went far beyond that requested either by motion or pleading. Thus, we hold that the preliminary injunction was improperly entered in this case. Cf. Travelers Protective Ass’n v. Hackett, 438 So.2d 1074 (Fla.2d DCA 1983) (“discovery which amounts to obtaining ultimate relief sought in the action is not permitted until a right to that relief has been determined”).
Although the plaintiffs are clearly entitled to obtain some records from the cooperative pursuant to section 425.045(1), (2), Florida Statutes (1991), the scope and extent of the available records is somewhat unclear on the face of the statute, and we have found no case law interpreting this new statute. This record reflects very little, if anything, about the types of cooperative records in existence. In light of the scant record in this case, we will not speculate as to which records might be in existence and which of those records the legislature intended to be subject to inspection under the statute.
Reversed and remanded.
DANAHY, A.C.J., and BENTLEY, E. RANDOLPH, Associate Judge, concur.

. Sections 425.045(1) and (2), Florida Statutes (1991), provide:
425.045 Meetings of trustees; records.—
(1) All meetings of any board of trustees of a cooperative organized pursuant to this chapter, or the board of any affiliated company or subsidiary thereof, at which official acts are to be taken, are declared to be meetings open to the membership of such co-operative at all times, and no formal action shall be considered binding except as taken or made at an open meeting. The minutes of a meeting of any such cooperative board or board of any affiliated company or subsidiary thereof shall be promptly recorded, and such records shall be open to inspection by any cooperative member. Reasonable notice of meetings shall be provided to the membership. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any cooperative member.
(2) Every person who has custody of the records of a cooperative organized pursuant to this chapter, or any affiliated company or subsidiary ... thereof, shall permit the records to be inspected and examined by any member of such cooperative desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish a copy of the records upon payment of the actual cost of duplication of the record. This section shall not apply to records which constitute proprietary confidential business information as defined in s. 366.093.

. Disclosure of records under a clear statutory entitlement or at common law is typically obtained through a petition for writ of mandamus. See Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981); State ex rel. Fussell v. McLendon, 109 So.2d 783 (Fla.3d DCA 1959).

. Injunctive relief, unlike mandamus, typically requires a petitioner to establish irreparable harm. At this hearing, the cooperative argued that the cooperative members had to establish irreparable harm in order to obtain the record disclosure through injunctive relief. The trial court determined that the plaintiffs did not need to independently establish irreparable harm in this case because they were entitled, by statute, to the records. Although there is case law which seems to logically support the trial court’s determination, Times Publishing Co. v. Williams, 222 So.2d 470 (Fla.2d DCA 1969), disapproved on other grounds sub nom., Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla.1985), we do not reach this issue because of the procedural difficulties which require a reversal.