655 So.2d 1267 (1995)
Heidi Cooke SMITH, Appellant,
v.
Floyd Thomas SMITH, Jr., Appellee.
No. 94-345.
District Court of Appeal of Florida, Fifth District.
June 2, 1995.
*1268 Hugh A. Davis, II, of James F. Keedy, P.A., Leesburg, for appellant.
Susan A. Balmer of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for appellee.
THOMPSON, Judge.
Heidi Cooke Smith ("wife") appeals the lower court's final judgment dissolving her marriage to Floyd Thomas Smith, Jr. ("husband"). The wife argues on appeal that the trial court erred by declaring that two certificates of deposits were non-marital assets, by awarding her an insufficient amount of alimony, and by not awarding her attorney's fees and costs. We affirm in part and reverse in part.
The husband is a quadriplegic and was disabled throughout the marriage. He was injured in a car accident while enlisted in the armed forces in 1967 and has been confined to a wheelchair since that time. He is totally dependent on others for his care. The wife married the husband in February 1978. During the marriage, the wife provided daily home care for the husband. The wife was unemployed at the time of the marriage and worked part-time as a travel agent during the marriage. The husband's sources of income consist of disability compensation from the Veteran's Administration ("VA") in the sum of $5,046 per month and Social Security disability of $358 per month. The VA pays the husband these sums to enable him to pay for home health care and to compensate him for his disability. The primary issue on appeal is the ownership of two certificates of deposit ("CD's") which total $35,000.
The husband's petition for dissolution of marriage requested the trial court to enter a final judgment granting him equitable distribution of the marital assets and liabilities. In her answer and counter-petition, the wife sought an equitable distribution of the assets and liabilities of the parties, as well as an equitable distribution of the marital assets titled in the husband's sole name. There is no dispute that the CD's were purchased with funds from a home that the husband owned in Vermont, prior to the marriage, that was purchased with a VA grant. After the parties were married, the home was sold and the monies were placed in CD's and a money market account in the husband's name. Later, the husband used $35,000 of these funds to purchase a mobile home which was jointly titled in the names of the husband and the wife. The parties resided in the mobile home until their separation. The mobile home was specifically manufactured to accommodate the husband's disabilities. The remainder of the monies, $35,000, was left in two CD's and a money market account in the husband's name alone.
The wife argues that the husband did not allege in his petition that the CD's were non-marital assets to be set aside to him. Further, when the husband answered the wife's counter-petition, he admitted "that there are assets titled in each parties' [sic] sole name which are wholly or partially marital assets and which require distribution" by the court, and did not assert the affirmative defense that the CD's were not marital property. Additionally, the husband's pre-trial memorandum and memorandum filed to comply with the pre-trial order listed the assets subject to the trial court's jurisdiction, and included the two CD's as jointly-titled assets.
At trial, however, the husband attempted to show that the CD's were non-marital assets. Under direct examination, the husband testified as to the source of the funds for the CD's. The wife strenuously objected, arguing that the husband was modifying the issues at trial as set by his pleadings and the pre-trial order. Although the husband did not attempt to modify his pleadings to conform to the evidence presented,[1] the trial court specifically found that the CD's were *1269 non-marital assets and set them aside to the husband in the final judgment. We conclude that this finding was error.
Section 61.075, Florida Statutes (1993), allows the trial court to set apart each spouse's non-marital assets and then to equitably divide the marital assets. The wife argues that the CD's were not subject to being set apart because they never were pled as non-marital assets. We agree. The pleadings and representations made by the parties to the court prior to trial established that the CD's were marital assets; therefore, the trial court had no jurisdiction to determine that the CD's were non-marital assets, and the husband should not have been permitted, over the wife's objection, to present evidence to obtain relief that he did not pray for in his pleadings. See Griffin v. Griffin, 463 So.2d 569, 573 (Fla. 1st DCA 1985); Oakley v. Oakley, 439 So.2d 1044, 1044 (Fla. 4th DCA 1983); Defreitas v. Defreitas, 398 So.2d 991, 992 (Fla. 4th DCA 1981).
The wife was placed at a severe disadvantage when the husband offered this evidence, as she was not prepared to offer evidence to controvert the husband's testimony. To allow the husband to receive the CD's as non-marital assets would be to reward the husband for "sandbagging" the wife. Accordingly, we vacate that part of the final judgment which awards the husband the CD's and remand with instructions that the CD's be considered marital property and, therefore, subject to equitable distribution.
We find no error, however, in the trial judge's permanent periodic alimony award of $1,200 per month to the wife. The trial court made a factual determination that the husband was a quadriplegic and would need 24-hour medical care for the rest of his life. The husband and wife were able to maintain their lifestyle because the wife provided extensive home health care for the husband. This assistance allowed the husband to use his disability income to support the wife and allowed them to travel extensively and purchase assets, such as a mobile home, a boat, and automobiles. Because of the dissolution of the parties' marriage, the husband will have a decrease in income of $105 and an increase in expenses because he will have to pay for home health care. The husband is unable to care for himself and needs a full-time caretaker in order to survive. In this regard, the record contains expert testimony that the husband will require a live-in home health aide to care for him. The expert, a visiting home nurse, presented the trial court with proposed expenses for this care.
Under these circumstances, the trial court did not abuse its discretion when it established the amount of alimony awarded to the wife. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla. 1980). We note that it is the wife's burden to show that the trial court's judgment, taken as a whole, constitutes an abuse of discretion. See Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla. 1991). Here, the wife has not shown that her needs require a larger amount of alimony than that which the court awarded her. Doubtless, both parties will suffer a decrease in their standards of living; however, the wife has the ability to work, while the husband cannot work due to his quadriplegia. As the trial court's factual findings are supported by substantial competent evidence, we affirm that part of the final judgment awarding the wife $1,200 per month permanent periodic alimony.
We also conclude that the trial court did not err by requiring the wife to pay her attorney's fees and costs. Even before remand, the trial court's final judgment left both parties in substantially the same financial position. Although the husband has more monthly income after the dissolution than the wife, $3,800 compared to the wife's $1,200, the husband also has considerably higher monthly expenses than the wife. Because both parties are equally able to pay their fees and costs, we affirm that part of the final judgment requiring the parties to pay their own attorney's fees. Lowry v. Lowry, 512 So.2d 1142 (Fla. 5th DCA 1987); *1270 Blankenship v. Blankenship, 502 So.2d 1002 (Fla. 5th DCA 1987).
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
PETERSON, J., concurs.
HARRIS, C.J., dissents, with opinion.
HARRIS, Chief Judge, dissenting.
I respectfully dissent.
Clearly the CDs were non-marital assets and there is nothing the wife could offer to rebut that fact. I would affirm the trial court in all respects.
NOTES
[1] See Fla.R.Civ.P. 1.190(b).