682 So.2d 1234 (1996)
Robert WILLIFORD, et al., Appellants,
v.
MELBOURNE COMMERCIAL DEVELOPMENT, INC., Appellee.
No. 96-824.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
James H. Fallace and David G. Larkin of James H. Fallace, P.A., Melbourne, for Appellants.
Patrick F. Roche of Frese, Nash & Torpy, P.A., Melbourne, for Appellee.
PER CURIAM.
Appellants appeal the temporary injunction order requiring them to remove their restaurant tables from the expanded deck area of a commercial condominium. We reverse because the order went beyond the scope of the relief sought.
Appellants own seven units (units 105, 107, 108, 109, 110, 307, and 309) in a 30 unit commercial condominium named Harbor Center One Condominium and operate a restaurant out of units 107, 108, 109, and 110. They were in the process of expanding into unit 105 when Appellee filed suit. Appellee, a holding company for several businesses, owns six units (units 102, 104, 106, 302, 304, and 306).[1] The conflict between the parties stems from the Appellants' use of an expanded deck for outdoor restaurant seating. Appellants assert that they sought and obtained the requisite approval from the condominium association to expand the deck and use it for the restaurant. Appellee filed suit challenging that use, claiming that Appellants have improperly taken common area for their exclusive use.
Appellee filed its amended complaint alleging that Appellants were violating the condominium association's bylaws by operating the restaurant. A second amended complaint was filed in February, 1996. The relief requested differs between the two complaints. Initially, Appellee asked for a temporary and permanent injunction restraining Appellants from operating a restaurant in any of the described units and from violating the bylaws in any way. In the second amended complaint, Appellee narrowed the relief requested to a permanent injunction enjoining Appellants from expanding or permitting the expansion of the restaurant beyond the four condominium units it currently occupies. Appellee then filed a motion for temporary injunction asking that Appellants be enjoined "from expanding or enhancing the restaurant located at the Harbor Center One Condominium, beyond the four condominium units and common area deck that the restaurant presently occupies, during the pendency of this action."
*1235 Following a hearing, the trial court entered a temporary injunction finding that there was a likelihood of success by Appellee in the underlying trial and ordered Appellants to "remove all of their food service, tables, chairs and other equipment from the expanded portion of the subject deck and confine their exterior food service to the portion of the deck as it existed prior to the 1992 expansion of same." The court stayed the injunction pending appeal.
Appellants argue that the temporary injunction was improper because it required action not requested by Appellee, i.e. the removal of tables and other restaurant related items from the expanded deck, and because it granted the same relief which would have been established upon conclusion of the underlying case assuming Appellee prevails below. See Lee County Elec. Coop., Inc. v. Cook, 604 So.2d 911 (Fla. 2d DCA 1992) (holding preliminary injunction improper where it exceeded the relief sought and granted the same relief which would have been given in a final order of permanent injunction); Allegra Enters., Inc. v. Fairchild, 455 So.2d 1073 (Fla. 4th DCA 1984) (preliminary injunction improper where it provided mandatory features not sought by the movants). Appellants point out that the claim for injunctive relief contained in the second amended complaint asked only that Appellants be prohibited from expanding their restaurant beyond the four units it currently occupies. The motion for temporary injunction similarly sought to have Appellants enjoined from expanding or enhancing the restaurant beyond the four condominium units and common area deck that the restaurant presently occupies and from making any further modifications or improvements to the four units, the common area deck, or any other common area.
Likewise, the relief sought at the hearing was specifically limited to the relief requested in the motion. Mr. Fadden, one of the owners of the Appellee holding company, testified that the relief he was seeking was "temporary relief from further expansion until it can be determined whether they have proper use of the deck." He stated that he had filed for the injunction to "keep [the restaurant] from expanding" and that he wanted the injunction to prevent an indoor expansion of the restaurant from unit 103 to 105 and to prevent "any expansion on to the atrium area." He represented that the injunction was needed to stop further encroachment and expansion into the common area and to prevent the restaurant from spending more money on the expansion until the issue is resolved.
The injunction clearly exceeded the scope of relief the Appellee sought in its motion for temporary injunction and as argued at the hearing thereon. This was error. See Consolidated Pre-Stressed Concrete, Inc. v. County of Volusia, 633 So.2d 541 (Fla. 5th DCA 1994) (reversing portion of temporary injunction which exceeded relief requested in the motion). Not only was the relief not requested in the motion, it was made clear at the hearing that Appellee only wished to prevent Appellants from expanding their operation into unit 105 and the atrium. Appellee never sought to have Appellants temporarily enjoined from their use of the expanded deck.
REVERSED and REMANDED.
DAUKSCH, GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] A common area atrium separates two of Appellee's units from two of the restaurant units.