PER CURIAM.
Appellant, James Rauch (the “Father”), timely appeals from an order that failed to enforce a Texas court order awarding him custody under the Uniform Child Custody Jurisdiction Act (“UCCJA”). Appellee, Rebecca Rauch (the “Mother”), failed to appear in this appeal. We reverse.
The Father, the Mother, and their two minor children lived in Texas as a family for three and one-half years. One of the children was enrolled in kindergarten in Texas for the 1994-1995 school year. The Mother also had family who resided in Texas. In mid-1995, the family moved from Texas to Florida. Nearly one year later, in April 1996, the Father moved from Florida back to Texas because of a job transfer. The children remained with the Mother in Florida *583 until the current school semester concluded and the Father found suitable housing in Texas. In June 1996, the Mother and the children returned to Texas to live with the Father. After approximately three weeks, the Mother returned to Florida with the parties’ children.
In October 1996, the Father filed for divorce from the Mother in Texas. At the time, the Father was living in Texas, and the Mother and the children were living in Florida. The Texas court entered a final decree of divorce and awarded custody of the parties’ two minor children to the Father. The Texas court order stated that the Mother failed to appear, even though she was duly noticed.
The Father then filed a petition in a Florida circuit court, seeking enforcement of the Texas court order. After a brief hearing attended by both parties, the Florida circuit court entered an order refusing to recognize the Texas court order. The Florida circuit court found instead that Florida had jurisdiction over the children pursuant to the UC-CJA. Moreover, the Florida circuit court awarded the Mother custody of the children.
Under the UCCJA, recognition and enforcement of a foreign state’s order is mandatory if the state in which the prior decree was rendered has adopted the UC-CJA, has statutory jurisdictional requirements substantially like the UCCJA, or would have had jurisdiction under the facts of the case if the UCCJA had been the law in that state. Unif. Child Custody Juris. Act, § 13 cmt., 9 U.L.A. 276 (1988); see § 61.1328, Fla.Stat. (1997). Here, Texas has adopted the UCCJA, and the codification of its provisions are substantially similar to Florida’s UCCJA provisions and the uniform provisions. See §§ 152.003-.025, Tex.Fam. Code Ann. (West 1997); see also §§ 61.1302-.1348, Fla.Stat. (1997). On its face, the Texas order was entered in compliance with the jurisdictional provisions under the UCCJA. See 152.003, Tex.Fam.Code Ann. (West 1997). Because the Texas order is facially valid, a Florida court is not at liberty to choose .to disregard it, even if the Florida court believes it also has jurisdiction over the parties’ children. See Yon v. Fleming, 595 So.2d 573, 577 (Fla. 4th DCA 1992). Otherwise, one of the purposes of the UCCJA to “facilitate the enforcement of custody decrees of other states” would be thwarted. See § 61.1304(7), Fla.Stat. (1997); Yon, 595 So.2d at 577.
Under the provisions of the UCCJA, the Texas order was entitled to full faith and credit from the Florida circuit court. Thus, the Florida circuit court erred in failing to enforce the Texas order. Because of this, the Florida circuit court also erred in awarding custody to the Mother, especially in light of the fact that neither party requested such relief. See, e.g., Oakley v. Oakley, 439 So.2d 1044 (Fla. 4th DCA 1983); Defreitas v. Defreitas, 398 So.2d 991 (Fla. 4th DCA 1981). Accordingly, we reverse the Florida circuit court’s order and remand with instructions to enforce the Texas order awarding custody to the Father.
REVERSED.
GUNTHER, FARMER and KLEIN, JJ., concur.