851 So.2d 905 (2003)
Martin STONELY, Appellant,
v.
Dana MOORE and The Dexter Company, Inc., Appellees.
No. 3D02-3168.
District Court of Appeal of Florida, Third District.
August 13, 2003.
*906 Donald Yates and Kathryn Yates, for appellant.
Charles M. Milligan, for appellees.
Before COPE, FLETCHER and WELLS, JJ.
COPE, J.
Martin Stonely appeals an adverse summary judgment in his suit for imposition of a constructive or resulting trust, and an accounting. We conclude that there must be further proceedings and remand for that purpose.
Defendants-appellees Dana Moore and The Dexter Company, Inc. moved for summary judgment on count two of the complaint filed by plaintiff-appellant Martin Stonely. The trial court entered summary judgment in favor of the defendants on all counts, and the plaintiff has appealed.
The initial question is one of jurisdiction. At the summary judgment hearing, the trial court took the case under advisement. Subsequent to the hearing, the plaintiff filed a notice of voluntary dismissal. Thereafter, the trial court entered a summary judgment in favor of the defendants.
We conclude that the notice of voluntary dismissal was a nullity. Florida Rule of Civil Procedure 1.420 provides in part that a plaintiff may voluntarily dismiss an action "before trial by serving ... a notice of dismissal at any time before a hearing on motion for summary judgment...." Fla. R. Civ. P. 1.420(a)(1). In the present case, the notice was not filed until after the hearing on the motion for summary judgment. At that point, the plaintiffs could not dismiss the action by filing a notice; a dismissal could be accomplished only by stipulation of the parties or by order of the court. See id. R. 1.420(a)(1), (2). Since the motion for summary judgment had already been argued, the trial court was entirely correct in disregarding the notice and issuing a ruling on the summary judgment motion.
On the merits, however, we conclude that the summary judgment should not have been entered. First, the defendants had moved for summary judgment on count two only. Since there had been no notice or motion as to counts one and three, summary judgment should not have been entered on those counts. See Kerrigan, Estess, Rankin & McLeod v. State, 711 So.2d 1246, 1248 (Fla. 4th DCA 1998); Williford v. Melbourne Commercial Devel., Inc., 682 So.2d 1234, 1235 (Fla. 5th DCA 1996); Oakley v. Oakley, 439 So.2d 1044 (Fla. 4th DCA 1983).
Second, summary judgment should not have been entered on count two, which was a claim for a constructive or resulting trust. The trial court granted summary judgment on the basis of the statute of frauds. However, "constructive or resulting trusts involving real estate can be based on parol evidence." Zanakis v. Zanakis, 629 So.2d 181, 183 (Fla. 4th DCA 1993) (citations omitted); Varnes v. Dawkins, 624 So.2d 349, 351 (Fla. 1st DCA *907 1993). See generally Marks v. Millman, 641 So.2d 414 (Fla. 3d DCA 1993).
For the stated reasons, the summary judgment is reversed and the cause remanded for further proceedings consistent herewith.