PER CURIAM.
Appellant Warren Salomon appeals an adverse summary judgment in his suit against the City of Miami. We affirm.
Appellant sued seeking to determine the ownership of a piece of land at the boundary of his property. After completion of discovery, both parties moved for summary judgment and, by agreement of the parties, the trial court appointed a special master to conduct a hearing on both mo *385 tions. A hearing was held before the special master. A master’s report was issued and filed with the trial court, recommending that appellant’s motion be denied and the City’s motion be granted. Appellant filed exceptions to the report.
Three months later, before the trial court heard argument on the exceptions, appellant filed a notice of voluntary dismissal. The City moved to strike the dismissal and the court granted the motion. Thereafter, the trial court heard appellant’s exceptions to the report, overruled them, and granted final summary judgment in favor of the City. Appellant has appealed.
Appellant argues that the trial court erred when it set aside the voluntary dismissal. Florida Rule of Civil Procedure 1.420(a)(1) provides in pertinent part that “an action may be dismissed by plaintiff without order of court (A) before trial by serving ... a notice of dismissal at any time before a hearing on motion for summary judgment....” Appellant argues that the special master’s hearing on the motion for summary judgment does not count as a summary judgment hearing for purposes of Rule 1.420(a). We disagree and conclude that the special master’s hearing in this case is properly viewed as a summary judgment hearing as contemplated by Rule 1.420(a)(1), especially where the special master was appointed for this purpose on joint motion of the parties. Since the motion for summary judgment was argued before the notice of voluntary dismissal was filed, the trial court was correct in setting aside the voluntary dismissal and entering summary judgment. See Stonely v. Moore, 851 So.2d 905 (Fla. 3d DCA 2003).
Affirmed.