979 So.2d 350 (2008)
Steve JOHNSON, Appellant,
v.
Jean JOHNSON, Appellee.
No. 5D07-1807.
District Court of Appeal of Florida, Fifth District.
April 11, 2008.
Robert L. Appleget, Jr., and Anne E. Raduns-Owen of Trow, Appleget & Perry, Ocala, for Appellant.
Jonathan P. Culver of Jonathan P. Culver P.A., Ocala, for Appellee.
PALMER, C.J.
Steve Johnson (Husband) appeals the final judgment dissolving his marriage to Jean Johnson (Wife). The sole issue on appeal is whether the trial court properly determined that certain real property was non-marital property belonging solely to Wife. Determining that the trial court had sufficient evidence before it to find the property to be Wife's non-marital property, we affirm.
Wife filed a petition seeking to dissolve the parties' marriage. In her financial affidavit, Wife listed 5.25 acres of real property as non-marital property belonging solely to her. Husband, acting pro se, responded by filing a letter with the trial court contending that the 5.25 acres of real property was purchased by Wife during *351 the parties' marriage. Husband also filed a financial affidavit in which he listed the real property at issue as non-marital property but claimed that it belonged exclusively to him.
Wife filed an answer to Husband's pro se letter (which was treated as a counterpetition) in which she alleged that the real property in dispute was purchased prior to the parties' marriage. Wife admitted that the closing on the property occurred after the parties were married; however, she claimed that all payments on the property were made solely from her personal accounts.
A partial agreement on the parties' dissolution petitions was reached during mediation. The only issue not settled during mediation was whether the real property was a marital or non-marital asset. A hearing was held before a General Magistrate regarding the real property. Husband appeared at that hearing acting pro se.
During the hearing, Wife testified that, prior to the marriage, she was looking for a piece of property to purchase. One month after she married Husband, Wife closed on the purchase of 5.25 acres of property. The mortgage, note, and title on the property were all signed by Wife using her maiden name. Wife testified that she paid the down payment on the property using money from her mother's mutual funds. Some of the monthly payments on the property came from a bank account which Wife maintained with her son; other payments were made from an account Wife shared with her mother. Still other payments were made from money derived from the sale of her mother's house. Wife paid the taxes on the property from her separate account. Husband testified, stating he had written the contract leading to the sale of the property. Although Husband claimed he had made a $1,000.00 down payment on the property, on cross-examination Husband admitted that the $1,000.00 came from Wife's account.
After considering the testimony and evidence presented at the hearing, the General Magistrate recommended that the property be classified as non-marital property belonging solely to Wife because it was acquired with her non-marital funds.
After the General Magistrate issued its recommendation, Husband retained counsel. Counsel filed exceptions to the recommendation, claiming that the property was a marital asset because it was acquired during the marriage. Husband's counsel also alleged that Wife failed to plead non-marital assets as required by law and requested that the matter be set for a hearing before the trial court.
A hearing was held before the trial court. According to the court file, both parties appeared and testified during the hearing. However, no transcript of that evidentiary hearing is included in the record filed on appeal. Following the hearing, the trial court entered an order accepting the recommendation of the General Magistrate and denying Husband's exceptions. The trial court entered a final dissolution judgment ruling that the property in question was non-marital property owned by Wife. This appeal timely followed.
Husband first challenges the final dissolution order claiming that the trial court lacked the authority to award the property to Wife because Wife failed to allege in her pleadings that the property was a non-marital asset and failed to indicate in her case management statement that there were non-marital assets to be determined by the court. Husband relies on Smith v. Smith, 655 So.2d 1267 (Fla. 5th DCA 1995) to support his position. *352 Such reliance is misplaced because Smith is factually distinguishable.
In Smith, Husband requested, in his petition for dissolution, that the trial court enter a final judgment granting equitable distribution of the marital assets and debts. In her answer and counterpetition, Wife sought equitable distribution of the parties' marital assets and debts, as well as an equitable distribution of the parties' marital assets titled in Husband's name. At trial, Husband attempted to raise a claim, for the first time, that two certificates of deposit were non-marital assets notwithstanding the fact that pretrial, the parties had agreed that the certificates were marital assets. Wife objected, arguing that Husband was modifying the issues at trial as set by the pleadings. The trial court found that the certificates of deposit were non-marital assets owned by the Husband. On appeal, this court reversed, concluding that the trial court erred in ruling that the certificates were to be considered non-marital assets because the pleadings and representations that the parties made to the court prior to trial established that they were marital assets.[1]
In contrast, here, the categorization of the 5.25 acres as either marital or non-marital was the main issue before the General Magistrate and was tried without objection by Husband. Accordingly, this issue was clearly tried by consent. See LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881 (Fla. 4th DCA 2003)(holding that an issue is "tried by consent" when there is no objection to the introduction of evidence on that issue). See also Fla. R. Civ. P. 1.190(b).
Next, Husband challenges the final dissolution order claiming that the General Magistrate's finding that no commingled marital funds were used to purchase the 5.25 acres is not supported by the evidence. However, Husband has failed to provide us with a transcript of the second evidentiary hearing held in this case, therefore, we are unable to fully evaluate the sufficiency of the evidence presented. See Esaw v. Esaw, 965 So.2d 1261 (Fla. 2d DCA 2007)(holding the appellant has the burden of providing a proper record to the reviewing court). Notably, the transcripts that are contained in the record filed on appeal provide competent substantial evidence to support the trial court's ruling that the real property was non-marital property belonging solely to Wife.
We note in closing that both parties have filed motions seeking an award of appellate attorney's fees in this case. However, both motions are denied because the parties agreed during mediation that they would be responsible for their own fees. Furthermore, a fee award entered pursuant to section 57.105 of the Florida Statutes (2005) is not available because the appeal contained justiciable issues.
AFFIRMED.
PLEUS and EVANDER, JJ., concur.
NOTES
[1] In so doing, our court stated that the trial court had "no jurisdiction" to determine that the certificates were non-marital assets. The court's use of the term "no jurisdiction" seems to be an unfortunate choice of words in this decision. Clearly, the court possessed jurisdiction to decide whether property in a dissolution of marriage case is marital or non-marital. It appears that a better way to characterize a failure to plead a cause of action would be as a violation of the opposing litigant's due process rights. See Barreiro v. Barreiro, 377 So.2d 999, 1000 (Fla. 3d DCA 1979). See generally Scott Stephens, Florida's Third Species of Jurisdiction, 82 The Florida Bar Journal 3 (March 2008).