IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

REGIONS BANK,

      Appellant,

 v.                                   Case No.  5D22-567
                                       LT Case No. 2018-CA-000525-A-X

AUSTIN & LAURATO, PA,

      Appellee.

_____/

Opinion filed April 6, 2023

Appeal from the Circuit Court
for Hernando County,
Donald E. Scaglione, Judge.

Donald A. Mihokovich, of Adams and
Reese LLP, Tampa, for Appellant.

Robert M. Austin, of Austin & Laurato,
PA, Tampa, for Appellee.


KILBANE, J.

     Regions Bank ("Regions") appeals an order denying Regions's motion
to strike Appellee's notice of voluntary dismissal.  Regions contends that the
voluntary dismissal was untimely and void as it was filed after summary

judgment had been entered in favor of Regions. We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(5). We agree with Regions, and reverse and remand for entry of an order granting Regions's motion and for further proceedings.

**Facts**

In a prior action, Phillip Davis, represented on contingency fee by the law firm of Austin & Laurato, PA ("A&L"), obtained a sinkhole damage settlement from his homeowners insurer, State Farm Florida Insurance Company ("State Farm"). In accordance with the terms of the settlement, State Farm issued three checks totaling the amount of its dwelling coverage. The first check was for the amount needed to pay off the first mortgage on the home held by CitiBank and was made payable to Citibank, Davis, and A&L. The second check was for the amount needed to pay off Davis's line of credit with Regions and was made payable to Regions, Davis, and A&L. The third check was for the remainder of the insurance proceeds and was made payable to Davis and A&L.

A&L refused to endorse the Regions check over to Regions, contending that the check for the remainder paid only to A&L and Davis did not fully satisfy its contingency fee arrangement with Davis. A&L then filed its complaint in the case below, containing counts for quasi-contract, an

2

equitable charging lien superior to Regions's prior mortgage lien, and a declaratory judgment that A&L's charging lien had priority over Regions's mortgage lien. The parties filed competing summary judgment motions. The trial court heard the motions, ruled that Regions was entitled to the proceeds of the second check, and reserved jurisdiction to determine interest and costs. The court then ordered the parties to non-binding arbitration. Shortly after the arbitrator issued its decision, A&L first filed a notice of trial de novo and then filed a notice of voluntary dismissal of its complaint under Florida Rule of Civil Procedure 1.420(a)(1), in an attempt to deprive Regions of a final judgment granting it entitlement to the check proceeds, interest, and costs.

Regions filed a timely motion for relief from the notice of voluntary dismissal under Florida Rule of Civil Procedure 1.540, asserting that the notice was void because it was filed after an adverse summary judgment. The trial court denied the motion and this appeal from that order followed.

### Analysis

Generally, a trial court's decision on a rule 1.540(b) motion is reviewed for abuse of discretion, but when the underlying judgment is void, the trial court has no discretion; it is obligated to vacate the judgment. *Phenion Dev. Grp., Inc. v. Love*, 940 So. 2d 1179, 1181 (Fla. 5th DCA 2006). Florida Rule

3

of Civil Procedure 1.540(b)(4) permits a trial court to relieve a party from a "final judgment, decree, order, or proceeding" if the "judgment, decree, or order is void." Florida Rule of Civil Procedure 1.420(a)(1) permits a plaintiff to file a notice of voluntary dismissal, inter alia, "at any time before a hearing on motion for summary judgment." A notice of voluntary dismissal filed after a summary judgment hearing is a nullity. *Gelinas v. Forest River, Inc.*, 931 So. 2d 970, 973 (Fla. 4th DCA 2006); *Stonely v. Moore*, 851 So. 2d 905, 906 (Fla. 3d DCA 2003).

Thus, A&L's notice of voluntary dismissal was void. Because Regions was deprived of a final judgment entitling it to the proceeds of the check to pay off its line of credit, plus interests and costs, Regions properly sought relief and the trial court erred in denying that relief. Accordingly, we reverse and remand with instructions to grant the motion, strike the notice of voluntary dismissal, and conduct further proceedings.

REVERSED and REMANDED.

EDWARDS and HARRIS, JJ., concur.