IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROXANNE EILEEN EADIE,

      Appellant,

v.

                                Case No. 5D22-2732
                                LT Case No. 2019-DR-000621

ADAM DANIEL GILLIS,

      Appellee.

_____/

Opinion filed June 16, 2023

Appeal from the Circuit Court
for Lake County,
Brian Welke, Judge.

Gabriela A. Bonilla, of Bonilla Law,
PLLC, Orlando, for Appellant.

Richard McKinley, of McKinley Law
Firm, P.A., Bartow, for Appellee.


JAY, J.

      Adam Gillis ("Father") filed a contempt motion against Roxanne Eadie

("Mother") over her alleged failures to abide by the timesharing schedule in

their parenting plan. The trial court granted Father's motion and awarded him thirteen days of compensatory timesharing. In this appeal, Mother alleges that the court committed four reversible errors. We reject three of these arguments without further discussion but write to address Mother's claim that the court granted Father relief beyond what his motion requested.

I.

Father and Mother's second amended dissolution judgment included a parenting plan for their two children, J.G. and H.G. The parenting plan set forth a timesharing schedule. The issues in this appeal concern only H.G., the younger of the two children.

On January 25, 2022, Father filed a contempt motion against Mother. Concerning H.G., the motion alleged that Mother had denied Father timesharing "several times, most recently from January 11, 2022[,] to present." Father asked the court to award him compensatory timesharing. The court held an evidentiary hearing. Father and Mother were the only witnesses. At the hearing, Father asked the court to give him compensatory timesharing for the days he missed with H.G.

After the hearing, the court entered an order finding that Father "is entitled to compensatory timesharing for the thirteen (13) overnights of timesharing denied to him." Mother alleges that the court granted Father

2

relief beyond what Father sought in his contempt motion. Specifically, she claims that "[n]owhere" in his motion "did he ask for the makeup timeshare that the court ordered on September 2, 2022." As we discuss below, Mother's argument fails for two reasons.

## II.

We use an abuse of discretion standard to review the trial court's order. *See Pace v. Pace*, 295 So. 3d 898, 900 (Fla. 5th DCA 2020).

## A.

We begin by observing that a court violates due process when it awards a remedy that a party did not seek. *See Daniels v. Sorriso Dental Studio, LLC*, 164 So. 3d 778, 782 (Fla. 2d DCA 2015). This is true of both pleadings and motions.[1] *See Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC*, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) (noting that because of due process, "it is error to award relief that is neither requested in the motion . . . nor argued at the hearing on that motion"); *Mizrahi v. Mizrahi*, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004) ("Due process protections prevent a trial court from deciding matters not noticed for hearing

---

[1] Mother's brief conflates these terms. We reiterate that pleadings and motions are not synonymous. *See Quillen v. Quillen*, 247 So. 3d 40, 43 (Fla. 1st DCA 2018); *N.S. v. Dep't of Child. & Fams.*, 119 So. 3d 558, 561 (Fla. 5th DCA 2013); *see also* Fla. R. Civ. P. 1.100 (describing pleadings and motions); Fla. Fam. L. R. P. 12.100 (same).

and not the subject of appropriate pleadings."). Thus, it would have been error for the court to grant Father more compensatory timesharing than he requested. *See Abbott v. Abbott*, 98 So. 3d 616, 617–18 (Fla. 2d DCA 2012) (observing that granting unrequested relief is an abuse of discretion and reversible error). However, contrary to what Mother argues, the court did not do so.

The court awarded Father thirteen nights of compensatory timesharing. Father's motion, which he filed on January 25, 2022, alleged that Mother had denied Father's timesharing with H.G. "several times, most recently from January 11, 2022[,] to present." Father's motion asked the court to award him "compensatory timesharing for all time [Mother] has interfered with or denied him in contravention of the Final Judgment." Any fair reader of Father's motion would conclude that thirteen nights was the *minimum* amount of makeup timesharing that Father requested. It is simply inaccurate to contend that Father's motion did not seek compensatory timesharing for the days he missed with H.G. from January 11 to the date that he filed his contempt motion.

B.

Alternatively, had there somehow been doubt about Father's request to receive makeup timesharing for the days he missed in January, he

4

eliminated that doubt at the hearing. Father testified about the missed January time and his communications with Mother concerning those days. Father's testimony included this exchange:

> Q [Father's counsel]: Are you asking for makeup time for the time you missed between January 11th and the 24th?
>
> A [Father]: Yes.
>
> Q: How much are you asking for?
>
> A: I'm asking for all of it, all the makeup.

Mother did not object or otherwise argue at the hearing that Father was seeking timesharing beyond the scope of his motion. To the contrary, Mother offered competing testimony about her reasons for not making H.G. available for the scheduled timesharing days. Furthermore, during her cross-examination of Father, Mother's counsel twice clarified that Father was only seeking compensatory timesharing as to H.G. rather than for both children.[2] At the end of the hearing, the court asked, "Did we cover everything?" Mother's counsel answered, "Yes, Your Honor."

"An issue is tried by consent where the parties fail to object to the introduction of evidence on the issue." *Dep't of Rev. v. Vanjaria Enters., Inc.*,

---

[2] Father's motion sought compensatory timesharing with J.G., but Father abandoned that claim at the evidentiary hearing. He also abandoned his request to modify the parenting plan as to parental responsibility for H.G.'s medical decisions.

675 So. 2d 252, 254 (Fla. 5th DCA 1996); *see, e.g.*, *Johnson v. Johnson*, 979 So. 2d 350, 352 (Fla. 5th DCA 2008) ("[T]he categorization of the 5.25 acres as either marital or non-marital was the main issue before the General Magistrate and was tried without objection by Husband. Accordingly, this issue was clearly tried by consent."). In deciding whether an issue was tried by consent, a court considers two "interrelated criteria": whether there was "a fair opportunity to defend" the issue and whether the defending party "could have offered additional evidence" if the issue had been included in the operative pleading or motion. *Anchor Prop. & Cas. Ins. Co. v. Trif*, 322 So. 3d 663, 670 (Fla. 4th DCA 2021) (citation and internal quotations omitted).

Here, Mother had ample opportunity to challenge Father's request for compensatory timesharing. Indeed, she did so by testifying that H.G.'s illness made the scheduled timesharing impractical. There is also no basis for concluding that Mother would have presented additional evidence if Father's motion had more clearly defined the relief he was seeking. The hearing transcript shows that Mother was fully prepared to dispute Father's claim. That she was ultimately unsuccessful was not the result of being blindsided by the remedy that Father sought.[3]

---

[3] The court found that regardless of whether H.G. was ill, Father was still entitled to his scheduled timesharing under the parenting plan.

It is also true that a party's lack of objection does not render an issue tried by consent "when the evidence introduced is relevant to other issues properly being tried." *Id.* (quoting *Raimi v. Furlong*, 702 So. 2d 1273, 1285 (Fla. 3d DCA 1997)). But here, there were no other issues being tried, given that Father expressly abandoned his timesharing claim concerning J.G. and his claim about parental responsibility for H.G.'s medical decisions. The only live, sought-after remedy from Father's motion was Father's claim for compensatory timesharing with H.G. On this record, any conceivable discrepancy between Father's motion and his request for relief at the hearing was tried by consent.

### III.

The court did not award Father compensatory timesharing above what Father requested, nor did the court commit reversible error in any of the other ways that Mother alleges. Accordingly, we affirm the order on appeal.

AFFIRMED.

SOUD and BOATWRIGHT, JJ., concur.

7