LETTS, Judge.
In a final judgment of dissolution, the husband was ordered to make payments to the wife totalling $21,000 which, when added to her other net income of over $8,000, resulted in her receiving at least $29,000 per annum, (less whatever the income tax, if any, would be on the small permanent alimony award). By contrast, the husband’s net income in 1987, as we deduce it from his tax return, was approximately $31,000. Subtracting $21,000 which he has to pay pursuant to the final judgment from his net income leaves him only $10,000 while his wife will have at least $29,000, which is some $3,000 more than her stated needs on her financial affidavit. We reverse.
We make no apologies for our equivocating adjectives accompanying the arithmetical sums set forth in the foregoing paragraph. As is so often the case in divorces, the husband and the wife come to widely divergent mathematical conclusions. For example, in the case at bar, the husband urges that his net income is only $28,600 per annum, but we note a pattern of substantial refunds due to overpayment of income tax withheld.
Even allowing for the discretion afforded to all trial judges under Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we find reversible error when the award results in the wife ending up with an annual income of nearly three times more than the husband, especially when that award exceeds her stated needs set forth in her financial affidavit.
We have sympathy for the trial judge in this case. The financial data is muddled and the parties shift gears from gross to net income with all the dexterity of a racing driver. Now that the income tax returns filed by both parties are available for the years 1988 and 1989, the trial judge will be better able to assess the respective incomes after a full evidentiary hearing. Accordingly, we reverse and remand for this purpose.
We find no fault with any of the other provisions of the final judgment.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DELL and WARNER, JJ., concur.