DAMOORGIAN, J.
 

 Lamar Kitchens (the former husband) appeals the final order on his second amended petition for modification of the award of alimony to Joyce Kitchens (the former wife). Applying an abuse of discretion standard, we reverse because the trial court’s modification of the alimony award resulted in a significant disparity in the parties’ income.
 
 See Wheeler v. Wheeler,
 
 559 So.2d 1303, 1304 (Fla. 4th DCA 1990) (citing
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1204 (Fla.1980)).
 

 By way of background, the parties were divorced in 1997. The final judgment of dissolution of marriage incorporated a marital settlement agreement which provided, among other things, that the former husband pay the former wife $3,500 per month in permanent periodic alimony. Following the dissolution of marriage, the former husband went through several job changes. After a number of attempts to find comparable employment, the former husband retired in 2007 at the age of seventy three. Just prior to retiring, the former husband filed a petition in which he sought an order terminating his alimony obligation or reducing the amount he was required to pay due to a substantial change in his monthly income and the disparity between the parties’ net worth.
 

 At the time of trial, the former husband’s gross monthly income was $3,340, and his net worth was $422,000. The sum representing the former husband’s income consisted of $1,403 in pension benefits, $1,909 from social security, and interest of
 

 
 *2
 
 $28. Conversely, the former wife’s gross monthly income was $2,479, representing $1,596 in pension benefits, $669 from social security, and $214 in interest. Her net worth was $517,999. In addition, each party was required by law to withdraw a minimum of $6,000 per year (mandatory withdrawals) from their respective individual retirement accounts (IRA). The former husband withdrew an additional $1,666 per month (discretionary withdrawals) out of his IRA to support his family, which included a twelve-year-old son. The trial court concluded that the former husband’s decision to retire was voluntary and not based on any scheme to avoid paying alimony. Ultimately, the trial court denied the former husband’s request to terminate alimony, but did reduce the permanent periodic alimony amount from $8,500 to $1,350 per month.
 

 We begin our analysis by noting that the trial court’s order does not specify whether the discretionary withdrawals from the former husband’s IRA were included in the calculation of his monthly income. However, we assume that they were because without them, as demonstrated by the following calculations, the alimony award results in a substantial disparity between the parties’ respective monthly incomes.
 
 [1]
 

 Modification of Alimony Calculations (excluding discretionary withdrawals from IRA)
 

 Former Former Husband Wife
 

 Pension Benefits 1,403 1,596
 

 Social Security 1,909 669
 

 Interest 28 214
 

 Subtotal <3⅜ It-ci co ^ o
 

 Alimony Award O
 
 io
 
 CO i-T co
 
 ox
 
 o
 

 Total 1,990 3,829
 

 Modification of Alimony Calculations (including discretionary withdrawals from IRA)
 

 Pension Benefits 1,403 1,596
 

 Social Security 1,909 669
 

 Interest 28 214
 

 Discretionary
 

 IRA
 

 Withdrawals 1,666
 

 Subtotal -q <© ⅛0 O O
 

 Alimony Award CO
 
 Ox
 
 O o
 
 lO
 
 CO tH
 

 Total 3,656 3,829
 

 The former husband argues that the trial court erred by treating his discretionary IRA withdrawals as income for purposes of calculating alimony. We agree. Our decision is premised upon the differences between a defined-benefit pension plan and an IRA. The typical defined-benefit pension plan provides a fixed monthly payment and prohibits the beneficiary from invading the principal or varying the amount of the monthly payment. By contrast, an IRA’s principal is available for immediate withdrawal and the amounts taken may vary. Moreover, treating discretionary IRA withdrawals as income for purposes of calculating alimony forces the owner to deplete the account at a faster rate and deprives the owner of the full use of an asset which, presumably, was subject to equitable distribution at the time of the divorce.
 
 Cf. Byers v. Byers,
 
 910 So.2d 336, 342 (Fla. 4th DCA 2005) (holding that a spouse should not be required to liquidate her assets to pay for her support).
 

 We do not, however, reach the same conclusion with respect to the mandatory withdrawals. Mandatory or minimum IRA withdrawals begin at age seventy and one-half, and are calculated each year by dividing the IRA account balance by the applicable distribution period or life expectancy.
 
 See Individual Retirement
 
 
 *3
 

 Arrangements,
 
 I.R.S. Pub. No. 590, at 34-36 (2007),
 
 available at
 
 http://www.irs.gov/ pub/irs-pdi/p590.pdf. These withdrawals resemble payments under a defined-benefit pension plan because they are mandatory and the amounts are calculated by applying a set formula. It is for these reasons that we hold mandatory or minimum IRA withdrawals are properly treated as income for purposes of calculating alimony.
 
 See Acker v. Acker,
 
 904 So.2d 384, 389 (Fla.2005) (holding that pension benefits should be included in the income calculation for an alimony award);
 
 see also Lauro v. Lauro,
 
 757 So.2d 523, 525 (Fla. 4th DCA 2000) (holding that income currently generated from a pension “must be considered in assessing the need for and the ability to pay alimony”).
 

 Because we resolve that it was improper for the trial court to consider the discretionary IRA withdrawals, we hold that the trial court abused its discretion in awarding $1350 in permanent-periodic alimony. As shown above, removing the discretionary IRA withdrawals from the alimony calculation results in the former wife receiving monthly income that is almost twice that of the former husband. This income disparity is substantial and therefore, the alimony award is reversible.
 
 See Wheeler,
 
 559 So.2d at 1304 (finding that it was reversible error for the trial court to award permanent periodic alimony that left the former wife with an annual income of $29,000 and the former husband with an annual income of $10,000);
 
 Lambert v. Lambert,
 
 955 So.2d 35, 37 (Fla. 3d DCA 2007) (finding that the trial court committed reversible error when it awarded permanent periodic alimony that amounted to sixty percent of the former husband’s salary);
 
 Strickland v. Strickland,
 
 639 So.2d 149, 149 (Fla. 5th DCA 1994) (holding that the trial court abused its discretion when the alimony award resulted in the former wife receiving an annual income of $29,000 and the former husband an annual income of $21,000).
 

 On remand, the trial court shall consider what amount of alimony, if any, is appropriate taking into account that there is only an $861 ($3,340-$2,479) income difference between the parties, as well as the difference in them respective net worth.
 
 See Byers,
 
 910 So.2d at 342 (citing
 
 Zeigler v. Zeigler,
 
 635 So.2d 50, 53 (Fla. 1st DCA 1994)) (holding that a court must consider the ability of the spouse to make alimony payments in determining whether to award alimony).
 

 Reversed and Remanded.
 

 FARMER and KLEIN, JJ., concur.
 

 [1]
 

 . The mandatory withdrawals are not included in the modification of alimony calculation below, because both parties were required to withdraw like amounts and thus, the mandatory withdrawals effectively cancel each other out.